## EX PARTE CLAUNCH.

1. **Justice's Court:** CRIMINAL PROCEDURE: PROSECUTING ATTORNEY. If a complaint filed with a justice of the peace, charging a felony, is, in the opinion of the prosecuting attorney, defective, that officer may dismiss the prosecution, and if he does, and an information is filed by the coroner against the same person for the same offense before another justice, the latter officer will have jurisdiction to make the preliminary examination and commit to jail.

2. **Bail in case of Homicide.** It is safe to refuse bail in a case of malicious homicide, when the judge would sustain a capital conviction, pronounced by a jury on evidence of guilt, such as that exhibited on the application to bail; and to allow bail when the prosecutor's evidence is of less efficacy; and this rule is especially applicable when the application is made to a court of last resort.

*Habeas Corpus.*

WRIT DENIED.

On the 29th day December, 1879, the petitioner, Burrill Claunch, killed William T. Brownlee, by shooting him with a shot-gun. On the next day he surrendered himself to T. B. Murray, a justice of the peace, before whom an affidavit was made charging him with the homicide. Thereupon Murray issued a warrant to constable Ramsey, under which Ramsey took Claunch into custody. Before any preliminary examination took place, the coroner of the county held an inquest on the body of Brownlee, and immediately filed an affidavit before O. D. Hawkins, a justice of the peace, charging Claunch with the crime of murder in the first degree. Hawkins, thereupon, issued a warrant for the arrest of Claunch, on which constable Tuttle arrested him while still in the custody of constable Ramsey, the latter delivering him up without objection. Tuttle brought Claunch before Esquire Hawkins, by whom he was examined and committed to jail without bail. On the same day on which the coroner filed his information, the prosecuting attorney wrote to Esquire Murray informing him of the steps taken by the coroner, and requesting that the proceedings then pending before him be dismissed. This Murray refused to do. The object of the present proceeding is to have Claunch remanded to the custody of constable Ramsey and admitted to bail.

*E. A. Nickerson* and *Land & Sparks* for petitioner.

*J. L. Smith,* Attorney-General, and *W. H. Brinker,* Prosecuting Attorney, *contra.*

SHERWOOD, C. J.—So far as concerns the question of the jurisdiction of the committing magistrate, Hawkins,

1. JUSTICE'S COURT: criminal procedure: prosecuting attorney. we experience no difficulty, regarding it as perfectly competent for the prosecuting attorney, as the representative of the State, to dismiss the prosecution commenced before Murray, as the affidavit filed before him was, in the opinion of the prosecuting attorney, defective in failing to charge murder in the first degree.

· Besides, it was the duty of the coroner, upon inquisition found before him of the death of Brownlee, speedily to inform a justice of the peace of the finding of such inquisition, and the duty of that officer, upon the receipt of such information, "forthwith to issue his process for the apprehension of the criminal." R. S. 1879, p. 1011 § 5147. And the information of the coroner filed with Hawkins charged Claunch with murder in the first degree; a higher grade of offense than that specified in the affidavit filed before Murray.

The point of admitting Claunch to bail, is one of more difficulty. The jury empaneled by the coroner, as well as the committing magistrate, have, after hearing the evidence, charged the petitioner with the highest grade of homicide known to the law. This case obviously differs from that of *Alexander*, 59 Mo. 598, for there two successive juries had, on an indictment charging murder in the first degree, failed to find a verdict sustaining the truth of that charge. This fact, coupled with others, that the prisoner had voluntarily surrendered himself, and failed to avail himself of opportunities to escape, were held sufficient to authorize his admission to bail. In such circumstances as just detailed, it might well be held that the proof of murder was not evident, nor the presumption thereof great, inasmuch as the juries empaneled to try the prisoner had twice refused to sanction the charge made by the indictment. Unless in a very plain case, it is an excessively embarrassing duty for a court of last resort, before whom the cause of the petitioner will, in all probability, come for ultimate determination, to be called upon

2. BAIL IN CASE OF HOMICIDE.

to say whether the evidence adduced in the customary manner, in a mere preliminary examination before a justice of the peace—adduced for the sole purpose of showing probable cause for commitment, is sufficient to warrant the discharge of the accused on bail; for it is but too obvious that the duty imposed by such an application carries with it, or at least seems to do so, that of passing beforehand upon the merits of the petitioner's case, and that too, as here, before the case has been passed upon by the grand jury, or heard before a petit jury, where the proper influence and authority will be brought into successful action, to elicit in the clearest manner, all legitimate evidence having a bearing on the commission of the crime, the intent of the prisoner, and the consequent grade of his offense. It is said to be a safe rule "to refuse bail in a case of malicious homicide, where the judge would sustain a capital conviction, pronounced by a jury, on evidence of guilt, such as that exhibited on the application to bail; and to allow bail where the prosecutor's evidence is of less efficacy." *Commonwealth v. Keeper of the Prison*, 2 Ashm. 227; Hurd Hab. Corp., 435. We incline to the opinion that the above is the proper test to apply and rule to follow, especially by a court of last resort. Viewing the matter of the petitioner's application in this light, we shall decline a discussion of the evidence adduced at the preliminary examination, further than to remark that in view of the threats indulged in by the petitioner, and his other acts prior to the occurrence of the homicide, and his conduct on that occasion, we do not regard it as our duty to interfere by a writ of *habeas corpus*, but shall leave it to the grand and petit juries, upon a more complete investigation of all the facts, to determine the guilt of the accused, and the degree of the crime with which he is charged. For these reasons we deny the writ. All concur.