THE STATE ex rel. BOYD, *Prosecuting Attorney, Appellant,* v. ROSE *et al.*

1. **Quo Warranto:** INFORMATION. Informations of *quo warranto* may be filed by the prosecuting attorney or attorney general,

*ex officio*, without leave of court. Such leave is necessary where the information is filed by the officer at the relation of an individual.

2. ———: SCHOOL DIRECTORS. *Quo warranto* will lie on behalf of the state to determine the right of individuals to exercise the office of school directors.

*Appeal from Greene Circuit Court.*—HON. W. F. GEIGER, Judge.

REVERSED.

*Goode & Cravens* and *W. D. Hubbard* for appellant.

(1) A private relator was not necessary, nor could one have properly been named. This is not a contest between two persons claiming title to an office, but a proceeding against defendants for pretending to exercise the duties of an office not *in esse.* An information *ex officio* and not *ex relatione*, is the proper procedure, and the circuit court had jurisdiction. *State ex. rel. Hequembourg v. Lawrence*, 38 Mo. 535; *Hunter v. Chandler*, 45 Mo. 452; *State ex rel. Kempf v. Boal*, 46 Mo. 528; *State ex rel. Att'y Gen'l v. Vail*, 53 Mo. 97; *State ex rel. Att'y Gen'l v. Miller et al*, 1 Mo. App. 48. (2) The facts stated in the information authorize the relief sought. One district can be merged in another. *Thompson v. Bd., &c.*, 61 Mo. 176; *Inhabitants, &c. v. Taft*, 4 Gray 250; *Alden v. Romesville*, 17 Met. 218; *Thompson v. Beaver*, 63 Ill. 353; *School Directors v. Trustees, &c.*, 66 Ill. 247; *State ex rel. v. Searle*, 50 Mo. 268; *State ex. rel. v. Appleton*, 53 Mo. 127.

*Price & Travers* for respondents.

(1) The facts of this case show that this proceeding is but a cover to a civil contest between adverse claimants to the office of school director in the territory referred to, and is not a proceeding in defence of the prerogative rights of the state by the constitutional writ

of *quo warranto*, the territory involved being admitted to be organized, whether by the nominal designation of district number one, or of district number five; the proceeding should, therefore, have been instituted and prosecuted by a private relator under the provisions of chapter 60, Revised Statutes, entitled "Of Quo Warranto," for the purpose intended, the object of the state being to decide between adverse claimants, but not lend her aid to one side or the other. See, also, *State v. St. Louis Perpetual Insurance Company*, 8 Mo. 330; *State ex rel. Brison v. Lingo*, 26 Mo. 496; *State ex rel. Hequembourg v. Lawrence*, 38 Mo. 535; *State ex rel. Young v. Briskirk*, 43 Mo. 111; *Hinton v. Chandler*, 45 Mo. 452; *State ex rel. Kempf v. Beal*, 46 Mo. 528. High's Extraordinary Legal Remedies, section 591, p. 424; section 600, p. 432; section 603, p. 435; section 612, pp. 443, 444, and note 1. There being no proper relator for the object intended, the proceeding must be dismissed. (2) Our school law makes sub-school districts corporations, with usual powers for the purposes intended. It cannot be true, then, as a legal conclusion, that section 7023, Revised Statutes, authorizing the change of lines of school districts by their concurrent action intends that one district by the co-operation of the county school commissioner, can so extend its lines as to embrace and absorb another even with the consent of such other. School districts are integral portions of the machinery of the state, and to say that the county commissioner's uncontrolled will, for his action, so far as he has power in the premises is final, can consolidate two districts, is to say he can all. *Supra*, sec. 7025, R. S.; *Ruggles et al. v. Baxter*, 43 Mo. 353; Dillon on Municipal Corporations, par. 110. (3) But school district number one is not legal in its organization, even if the power claimed be just, and this proceeding is based, not upon a want of organism, but on the assumed fact that district number one embraces the whole territory of what was number five, and, therefore, excluding the pres-

ent existence of number five. The beam is in number one's eye. First, proposition of acceptance of ordinance admitting this state into the union. *Smith v. Board of Education,* 58 Mo. 297; *State ex rel. School District v. Byers,* 67 Mo. 706.

EWING, C.—This is a proceeding by the state through the prosecuting attorney of Greene county, by way of information in the nature of a *quo warranto,* and was filed by leave of court. The information recites, in substance, that there were formerly two school districts in Greene county numbered and known as district number one and district number five. That afterwards, as provided by law, there was an election held to decide whether or not the boundaries of district number one should be so extended as to include all the territory of district number five. At that election a majority of the voters in number one voted for the proposition, and a majority in number five voted against it. That thereupon, as provided by law, the question was submitted to and decided by the county school commissioner (*State ex rel. Schmutzler et al. v. Young, ante,* p. 90; sec. 7023, R. S. 1879), who decided that number one should be extended so as to include number five. That thereafter the respondents pretend to have been elected directors in district number five, and are now exercising and usurping the functions of that office, and then a prayer for ouster.

To this the respondents interposed a demurrer that the petition or information does not state facts sufficient to authorize the relief prayed; that the circuit court had no jurisdiction; that this is a proceeding under chapter 60, Revised Statutes, 1879, "Of Quo Warranto," and must be at the relation of some person interested, and cannot be filed *ex officio.* The demurrer was sustained by the circuit court and judgment entered for the respondents from which the state appeals to this court.

I. There is no doubt about the jurisdiction of the

circuit court. It is an information filed by the prosecuting attorney *ex officio*. Informations by the attorney general or prosecuting attorney, *ex officio*, may be filed without leave, as a matter of course. Informations by either officer, at the relation of an individual, must be filed by leave of court. *State ex rel. Stewart v. Mc-Ilhany*, 32 Mo. 382; *State ex rel. v. Hequembourg*, 38 Mo. 535; *State ex rel. v. Vail*, 53 Mo. 97; *State ex rel. v. Townley*, 56 Mo. 107.

II. In *State ex rel. Att'y Gen'l v. Townley*, 56 Mo. 113, Napton, J., says: "The primary and fundamental question in a proceeding by *quo warranto*, is whether the defendant is legally entitled to hold the office, and not as to the rights of any other person who may claim it." The case here is a simple proceeding by the state, through its officer, to inquire into the question of the right to the office by the respondents. Are the respondents legally the school directors in district number five? It is alleged they are not. That there is no district number five. That the pretended election by which they claim to exercise the office of directors was without authority of law and void. The demurrer admits the facts. Under the pleadings and facts we have no doubt of the right of the relator to a writ of ouster.

The judgment of the circuit court is reversed and the case remanded. All concur.