STATE OF MISSOURI ex rel. MELVIN E. GRIFFIN, Prosecuting Attorney of Clinton County, Missouri, Relator, v. HONORABLE DUVAL SMITH, Judge of the Circuit Court of the Sixth Judicial Circuit and Acting Circuit Judge of Andrew County in the Fifth Judicial Circuit of Missouri, Respondent, No. 43654—258 S. W. (2d) 590.

Court en Banc, June 8, 1953.

1236

*John M. Dalton*, Attorney General, *W. Brady Duncan*, Special Assistant Attorney General, and *Melvin Griffin*, Prosecuting Attorney, for plaintiff...

*Clay C. Rogers, Lyman Field* and *John J. Robinson* for respondent; *David J. Dixon* of counsel.

CONKLING, C. J.—This is an original proceeding in prohibition instituted here by relator, Melvin E. Griffin, who became Prosecuting Attorney of Clinton County, Missouri, on January 1, 1953. The proceeding challenges the jurisdiction of respondent, the Honorable Duval Smith, Special and Acting Judge of the Circuit Court of Andrew County, Missouri, to proceed further in a certain criminal cause now before respondent as such judge in said circuit court. There is here sought the determination of the fundamental question of whether a prosecuting attorney, without the leave or permission of the circuit court in which a criminal prosecution is pending, may enter in such criminal prosecution the State's nolle prosequi or dismissal, or whether the circuit court has such power of judicial superintending control over a prosecuting attorney that the State's nolle prosequi of a pending criminal cause may be entered only with the permission and consent of such circuit court.

After we ordered the issuance of our preliminary rule in prohibition the appearance of respondent was entered herein, and the actual issuance and service of the preliminary [592] rule was waived. Respondent then filed his return and his motion praying judgment upon the pleadings.

Incorporated in respondent's return, and in addition to his admission therein of certain basic facts, are certain "Denials" and "Affirmative Pleadings" undertaking to raise various propositions not affecting the merits of the fundamental question presented. Inasmuch as the basic facts are not in dispute and we deem the fundamental question presented to be one of law, we shall so consider it without unduly extending this opinion to here make any labored restatement of the various matter in the anomalous "Denials" and "Affirmative Pleadings" incorporated in the return.

The above stated question is raised by the parties from the following facts:—On December 29, 1952, the then Prosecuting Attorney of Clinton County, Missouri, Mr. Robert Frost, filed in the Circuit Court of Clinton County an Information charging one George Robert Fitzgerald with the first degree murder of his wife, Mildred Fitzgerald; thereafter, and on January 17, 1953, upon the application of defendant, George Robert Fitzgerald, a change of venue was granted from Clinton County in that criminal prosecution and the cause was sent for

trial to Andrew County, Missouri, in the same Judicial Circuit; thereafter, upon motion of defendant, the Honorable Fred H. Maughmer, Judge of said Circuit Court, was disqualified and the Honorable Ray Weightman, Judge of the Fourth Judicial Circuit, was called in to act as Judge in said cause; and thereafter, on February 9, 1953, Judge Weightman was disqualified under our Rule 30.12 and the respondent herein, a regular Judge of the Sixth Judicial Circuit, was called in to act as Judge in said cause in Andrew County; and on that last date said cause was set for trial for February 16, 1953. Upon that date the parties by counsel appeared before respondent in said court and defendant personally waived a jury trial and respondent assented thereto.

It is alleged that after relator was inducted into office as prosecuting attorney on January 1, 1953, and before February 16, 1953, "due to the tremendous amount of preparation necessary to obtain substantial justice to the people of Clinton County and the State of Missouri," relator did not have sufficient time to properly prepare that criminal prosecution for trial. It is admitted that the State, on February 16, 1953, filed in said cause in the Andrew County Circuit Court, before the respondent judge, a motion for continuance of the trial of said cause; that such motion for continuance was overruled and the respondent judge then and there ordered that the cause proceed to trial; that thereupon, the relator, as prosecuting attorney, both orally and in writing, entered in said cause the State's nolle prosequi and dismissal of said cause; and that thereupon the respondent judge refused to permit the relator, acting as prosecuting attorney, to nolle prosequi or discontinue said criminal prosecution and ordered that the cause proceed to trial. On February 17, 1953, relator, as prosecuting attorney of Clinton County, filed his official complaint in the Magistrate Court of Clinton County, again charging George Robert Fitzgerald with first degree murder of his wife, Mildred Fitzgerald. Thereafter, on February 18, 1953, relator filed here his petition praying our preliminary rule, which we ordered issued. By an indictment of a Clinton County grand jury George Robert Fitzgerald is now charged with the above offense in the Circuit Court of Clinton County.

Respondent's theory of this case, as shown by his counsel's brief and their oral argument here, is that in refusing to permit the prosecuting attorney to dismiss or nolle prosequi the criminal prosecution the respondent judge "was acting in a proper exercise of the judicial power of superintending control in ordering the trial to proceed."

Relator's theory of this case, as shown by his brief and oral argument here, is that the prosecuting attorney had "the power in the exercise of his discretion in performing the duties of his office to dismiss or nolle prosequi the case," and that the respondent judge had no "power to interfere in the exercise of the prosecuting attorney's discretion and prevent said dismissal or assume further jurisdiction."

In Missouri it has been recognized · that a prosecuting attorney "is a quasi judicial officer, retained by the public for the prosecution of persons accused of crime, and in the· exercise of a sound discretion to distinguish between the guilty and the innocent, between the certainly and the doubtfully guilty." State on . inf. McKittrick v. Wymore, 345 Mo. 169, 132 S. W. (2) 979, 986[9].

When the law, in terms or impliedly, commits and entrusts to a public officer the affirmative duty of looking into facts, reaching conclusions therefrom and acting thereon, not in a way specifically directed, [i. e., not merely ministerially] but acting as the result of the exercise of an official and personal discretion vested by law in such officer and uncontrolled by the judgment or conscience of any other person, such function is clearly quasi judicial. This court has written much upon the broad discretion vested in a public prosecutor. State on inf. McKittrick v. Wymore,· supra, State ·on inf. McKittrick v. Wallach, 353 Mo. 312, 182 S. W. (2) 313, 318, 319. In this jurisdiction· it is recognized that this public office is one of consequence and responsibility. The status of the prosecuting attorney as a public · officer · is given dignity and importance by our statutes. · [RSMo 1949, sections 56.010 to 56.620, and V.A.M.S.] With every other attorney at law a prosecuting attorney ·is, of course, an .officer of the court . in a larger sense; but he is not a mere lackey of the court nor are his conclusions in the discharge· of his official duties and responsibilities, in anywise subservient to the views of the judge as to the handling of the State's cases. A public prosecutor is a responsible officer chosen for his office by the suffrage of the people. He is accountable to the law, and to the people. He is "vested with personal discretion entrusted to him as a minister of justice, and not as a mere legal attorney. He is disqualified from becoming in any way entangled with private interests or grievances in any way connected with charges of crime. He is expected to be impartial in abstaining from prosecuting as well as in prosecuting, and to guard the real interests of public justice in favor of all concerned." Engle v. Chipman, . [Mich.] 16 N. W. 886. ·"The sovereign power of government can only be exercised through its officers. Consequently, to each officer is delegated some of the powers and functions of· government. Usually a discretion that is within the power granted to an officer cannot be controlled by other officers." State ex rel. Thrash v. Lamb, 237 Mo. 437, 141 S. W. 665.

It is clearly the weight of authority that if there is no statute respecting the right to enter a nolle prosequi· [and there is no such statute in Missouri] that such right lies within the sole discretion of the prosecuting attorney. 14 Am. Jur. Criminal Law, § 296, p. 967, 22 C. J. S. Criminal Law, § 457, p. 707. This court stated · that principle in State on inf. McKittrick v. Graves, 346 Mo. 990, 144 S. W. (2) 91, 95, wherein we said: "Hence they [the dismissals made by a· prosecuting attorney of certain criminal cases] lay within his discre-

tion under the power of nolle prosequi which the law vests in the prosecuting officer in the absence of a statute on the subject. 14 Am. Jur. 967.'' See also Ex parte Claunch, 71 Mo. 233.

In State ex rel. Thrash v. Lamb, Judge, supra, the question now before us was squarely ruled in these words: ''A prosecuting attorney has discretionary power to institute or discontinue prosecutions. * * * He may file informations without leave of court * * * 'The functions of the English Attorney-General are committed to a prosecuting officer known in the different states as Attorney-General, State's Attorney, District Attorney, or the like. To him, therefore, the power of *nolle prosequi* commonly pertains, to be exercised as in England free from judicial control. Not even, by the better practice, will the court advise this officer whether to employ it or not in the particular case.' [1 Bish. New Crim. Proc., sec. 1388, paragraph 2.] In Texas, the Supreme Court decided that a judge had no power to enter a *nolle prosequi*, or dismissal of a case pending, against the objection of the district attorney. [State v. McLane, 31 Tex. 260.] So in New Hampshire the Supreme Court, speaking of the right of the prosecuting officer [594] in this regard, says: 'The law has lodged that duty with the officer selected for that special purpose, and who are responsible for the manner in which they perform their duties . . . . His power to enter a *nol. pros.* is held *virtute officii*. He executes it upon his official responsibility.' [State v. Tufts, 56 N. H. 137.] 'The court has no right to interfere with its exercise.' [Comm. v. Tuck, 20 Pick. 366; Same v. Smith, 98 Mass. 10.] In State ex rel. v. Rose, 84 Mo. 198, we held that a prosecuting attorney may file an information in the nature of *quo warranto; ex officio;* without leave of court, but that when he prosecutes at the relation of an individual such leave is necessary. This upon the principle that when he acts *ex officio,* he is exercising the discretion which the State has delegated to him, and through him, the State may act without leave of court. We held in State ex rel. v. McMillan, 108 Mo. 153, that under the general power granted to the prosecuting attorney by section 1007, he could file an information *ex officio* in *quo warranto;* it being contended in that case that he derived his power to act solely from the statute on *quo warranto* which authorizes him to file an information at the relation of some third person. These rulings proceed upon the theory that when the prosecuting attorney acts *ex officio,* the State is acting directly through him.''

We have examined the cases from other jurisdictions which are cited in respondent's brief and which announce a contrary rule. We are not, however, persuaded to abandon what we think is the sound reasoning and conclusion of the above Missouri cases. Of necessity a prosecuting attorney is charged with the responsibility and vested by law with the discretion and legal duty to investigate the facts and the ap-

plicable law and to himself determine when a prosecution should be initiated. And by token of the same reasoning we think the discretion vested in him by law places in him the sole power to determine when he should proceed with a prosecution or dismiss it.

The judicial discretion reposed by law in the trial judge as to matters concerning which a trial judge is given discretion [State v. Wynne et al., 356 Mo. 1095, 204 S. W. (2) 927, 933, 934] may well not be the discretion vested by the law in the prosecuting attorney as the people's advocate. State on inf. McKittrick v. Wymore, supra, State on inf. McKittrick v. Wallach, supra. The judge on the trial bench may not know all the facts and it may be best for that judge and for the overall administration of justice that he does not know them or have the responsibility to determine whether the State could or should proceed to trial, or enter nolle prosequi. Those policy questions respecting dramatic and emotional State trials which almost always include factors far removed from and foreign to the judicial function are more safely confided to and confined within the field of the advocate. Policy questions of this character are for the litigant and its counsel, not for the trial court. Mavrakos v. Mavrakos Candy Co., 359 Mo. 649, 223 S. W. (2) 383, 388. In "Criminal Procedure From Arrest to Appeal" by Lester Bernhardt Orfield, [1947] at pages 337 to 343, that writer has cited a multitude of authorities upon the question now before us, and at page 342 concluded there are "convincing arguments for not interfering with the prosecutor's discretion."

Respondent's brief cites and discusses three Missouri cases, State v. Wear, 145 Mo. 162, 46 S. W. 1099, State v. Lonon, 331 Mo. 591, 56 S. W. (2) 378, and Ex parte Donaldson, 44 Mo. 149, 154. We have carefully examined those cases and find they are readily distinguishable from the case now before us. And upon the oral argument here respondent's counsel conceded that those cases do not rule the question instantly for decision.

Much of the brief filed by counsel for respondent is given over to a discussion of the claimed lack of merit of the motion for continuance filed by the State. That matter is not properly before us here. The trial court ruled that motion for continuance favorably to defendant Fitzgerald, and the latter's counsel [now the respondent's counsel in this action] may not here be heard upon the merits of that matter. And no such question is cognizable [595] in prohibition in any event. Before us here is the question of whether respondent has jurisdiction to now proceed with the criminal cause. If the prosecuting attorney had the legal authority to enter the State's nolle prosequi, the respondent lost jurisdiction of the criminal cause. And in the brief filed by counsel for respondent there is some unrelated discussion as to questions of a speedy trial, jeopardy and whether the

prosecutor's nolle prosequi was arbitrary. But these pleadings raise no possible issue as to any of those matters. There is no question now before us other than the one fundamental question above stated in the first paragraph of this opinion.

We have discussed and ruled the only issue raised by the pleadings. Having determined that the prosecuting attorney has the discretion and authority, without the consent or permission of the circuit court or anyone else, to enter the State's nolle prosequi or dismissal in a pending criminal cause, it follows that respondent has no jurisdiction to further proceed in the case of State of Missouri v. George Robert Fitzgerald, now in the Circuit Court of Andrew County, Missouri.

The provisional rule in prohibition heretofore ordered herein should be made absolute. It is so ordered. All concur, except *Tipton, J.,* not sitting.