Dear Mr. Harper:
This opinion is in answer to your question asking:
 "Whether a prosecuting attorney is without discretion and must file a criminal charge under Sec. 545.250 when a citizen demands to file a misdemeanor or felony against another citizen. (It is assumed that the prosecuting attorney has refused to file such charge as his legal opinion is that no charges are supportable by the evidence.)"
Section 545.250, RSMo 1969, provides that any person having knowledge of the commission of a crime may file a sworn affidavit stating the relevant facts with a competent court or with the prosecuting attorney, "and it shall be the duty of the prosecuting attorney to file an information, as soon as practicable, upon said affidavit, as directed in section 545.240." However, it is the opinion of this office that the above may not be construed to deprive the county prosecuting attorneys of a degree of discretion in determining whether or not a given criminal complaint warrants prosecution.
This conclusion is amply supported by the decisional law of this state. The Missouri Supreme Court has held as early as 1939 that the prosecuting attorney has the duty under Section545.240 "to make a reasonable investigation and then determine if an information should be filed" (emphasis supplied),State on Inf. McKittrick v. Wymore, 132 S.W.2d 979, 988 (Mo. banc 1939), and it is now a "well-established legal principle that it is within the sole discretion of the prosecuting attorney concerning against whom, when and how the criminal laws are to be enforced." State ex rel. Lodwick v. Cottey, 497 S.W.2d 873,880 (Mo.Ct.App. at KC. 1973).
 ". . . Of necessity a prosecuting attorney is charged with the responsibility and vested by law with the discretion and legal duty to investigate the facts and the applicable law and to himself determine when a prosecution should be initiated. And by token of the same reasoning we think the discretion vested in him by law places in him the sole power to determine when he should proceed with a prosecution or dismiss it." State ex rel. Griffin v. Smith, 258 S.W.2d 590, 594
(Mo.banc 1953).
"The same rule is reflected in the frequently stated principle that the prosecuting attorney has the sole and exclusive discretion concerning whether or not to enter a nolle prosequi (citations omitted)." State ex rel. Lodwick v. Cottey, supra,
at 880. See also State ex Inf. Dalton v. Moody, 325 S.W.2d 21,32 (Mo.banc 1959); State ex rel. Dowd v. Nangle, 276 S.W.2d 135,137-138 (Mo.banc 1955); State on Inf. McKittrick v. Wymore,supra, at 988. It is clear that, without such discretion, the prosecutor could be compelled to bring frivolous prosecutions, contrary to his ethical responsibilities under DR 7-103(A) of Supreme Court Rule 4. That section states that "A public prosecutor . . . shall not institute or cause to be instituted criminal charges when he knows or it is obvious that the charges are not supported by probable cause." See also EC 7-4, 7-5 and 7-13 of Supreme Court Rule 4.
The scope of the prosecutor's discretion has been defined on several occasions by the Missouri courts.
 ". . .` [The prosecutor's] duties of necessity involve a good faith exercise of the sound discretion of the prosecuting attorney. "Discretion" in that sense means power or right conferred by law upon the prosecuting officer of acting officially in such circumstances, and upon each separate case, according to the dictates of his own judgment and conscience uncontrolled by the judgment and conscience of any other person. Such discretion must be exercised in accordance with established principles of law, fairly, wisely and with skill and reason. It includes the right to choose a course of action or non-action, chosen not willfully or in bad faith, but chosen with regard to what is right under the circumstances. Discretion denotes the absence of a hard and fast rule or a mandatory procedure regardless of varying circumstances. That discretion may, in good faith (but not arbitrarily), be exercised with respect to when, how and against whom to initiate criminal proceedings (Citations omitted) . . . .'" State on Inf. McKittrick v. Wallach, 182 S.W.2d 313, 319 (Mo.banc 1944).
Similarly, it has been stated that the prosecutor's exercise of his discretion must be "in good faith" and "honest," State onInf. McKittrick v. Wymore, supra, at 987, and not "arbitrary."State on Inf. McKittrick v. Graves, 144 S.W.2d 91, 95 (Mo.banc 1940). While this determination rests upon the facts present in each case, it should be noted that a prosecutorial abuse of discretion has been found in only two instances in the judicial history of this state: in State on Inf. McKittrick v. Wymore,supra, the court found that the respondent, the Prosecuting Attorney of Cole County, failed to investigate or prosecute widespread gambling activities involving slot and pinball machines and similar devices, despite the fact that these activities were open and notorious, and that respondent had repeatedly received actual notice and detailed descriptions of the locations and the specific misconduct involved. The Missouri Supreme Court, stating that "it is not conceivable that men in control [of the gambling operations] would `plaster' the city with machines unless they had an understanding with the prosecuting attorney and other law-enforcement officers," found respondent guilty of official misconduct and ousted him from office. Id. at 985. In State on Inf. McKittrick v. Graves, supra, similar charges were cause for the removal of the Jackson County Prosecuting Attorney, to the effect that he either failed to prosecute or nolle prossed numerous "open and flagrant" violations of the law, including gambling, election fraud and assault. The court held that the respondent's failure to investigate many apparently meritorious complaints and his "arbitrary" failure to go forward in many such prosecutions constituted an abuse of discretion.Id. at 95. Cf. State v. Smith, 422 S.W.2d 50, 66-67 (Mo.banc 1967); State ex Inf. Dalton v. Moody, supra; State on Inf.McKittrick v. Wallach, supra.
CONCLUSION
It is the opinion of this office that the county prosecuting attorneys are authorized under the law of this state to exercise discretion in determining whether or not to prosecute on the basis of a criminal complaint, so long as such discretion is exercised fairly, in good faith and in accordance with established principles of law.
The foregoing opinion, which I hereby approve, was prepared by my assistant, John M. Morris.
Very truly yours,
 JOHN ASHCROFT Attorney General