Dear Representative Dames:
This letter is in response to your request for an opinion. The question reads as follows:
 "May the Supervisor of Liquor Control by regulation establish simplified procedures for the issuing of permits authorized under Section 311.200(7) [sic], RSMo 1969, to include the delegation of authority to District Supervisors to issue such permits in his name?"
The statute referred to in the opinion request is erroneously enumerated. Obviously, the request pertains to Section 311.215, RSMo Supp. 1975. Section 311.215, RSMo Supp. 1975, provides as follows:
 "Notwithstanding the other provisions of this chapter, a permit for the sale of malt liquor as defined in Section 311.200, chapter 311, RSMo 1969, for consumption on premises where sold may be issued to any church, school, civic, service, fraternal, veteran, political or charitable club or organization for the sale of such malt liquor at a picnic, bazaar, fair, or similar gathering. Said permit shall be issued only for the day or days named therein and it shall not authorize the sale of aforesaid malt liquor for more than seven days by any said organization as described above in any fiscal year. For each such permit issued, the licensee shall pay to the director of revenue the sum of ten dollars. No provision of law or rule or regulation of the supervisor shall prevent any wholesaler or distributor from providing customary storage, cooling or dispensing equipment for use by the holder of the license at such picnic, bazaar, fair, or similar gathering."
With respect to the Supervisor's rule-making authority, Section311.660, RSMo 1969 provides:
 "The supervisor of liquor control shall have the authority . . . to make the following regulations, . . .:
* * *
 "(3) Prescribe all forms, applications and licenses and such other forms as are necessary to carry out the provisions of this chapter;
* * *
 "(10) To make such other rules and regulations as are necessary and feasible for carrying out the provisions of this chapter, as are not inconsistent with this law."
The question which you have raised concerns the ability of the Supervisor to delegate to his district supervisors the power to issue the permits referred to in Section 311.215, RSMo Supp. 1975. Public officers can delegate those powers and duties which are ministerial in nature, while discretionary duties are not delegable. State ex rel. Skrainka ConstructionCo. v. Reber, 126 S.W. 397, 399 (Mo. 1910). Therefore, the determination must be made as to whether or not the issuance of a permit under Section 311.215, RSMo Supp. 1975, is discretionary or ministerial.
According to the court in Yelton v. Becker, 248 S.W.2d 86,89 (St.L. Ct.App. 1952),
 "Ministerial duties are those duties of a clerical nature which a public officer is required to perform upon a given state of facts, in a prescribed manner, in obedience to the mandate of legal authority, without regard to his own judgment or opinion concerning the propriety of the act to be performed."
On the other hand,
 "When the law, in terms or impliedly, commits and entrusts to a public officer the affirmative duty of looking into facts, reaching conclusions therefrom and acting thereon, not in a way specifically directed, [i.e., not merely ministerially] but acting as the result of the exercise of an official and personal discretion vested by law in such officer and uncontrolled by the judgment or conscience of any other person, such function is clearly quasi judicial. . . . `. . . Usually a discretion that is within the power granted to an officer cannot be controlled by other officers.'" State ex rel. Griffin v. Smith, 258 S.W.2d 590, 593 (Mo. Banc 1953).
At least one qualification is so clearly within the discretionary function that delegation of the power to issue licenses would not be proper. Section 311.060.1, RSMo 1969, provides that, "No person shall be granted a license hereunder unless such person is of good moral character . . ." This requirement admits of the "exercise of an official and personal discretion" of the Supervisor of Liquor Control and that discretion "cannot be controlled by other officers", State ex rel. Griffin v. Smith, supra.
Section 311.210, RSMo 1969, provides that:
 "1. All applications for all licenses mentioned in this chapter shall be made to the supervisor of liquor control. . . .
 "2. The supervisor of liquor control shall have the power and duty to determine whether each application for such license shall be approved or disapproved. . . ."
The Supervisor has the exclusive power to issue permits. The exercise of discretion is involved in the granting of permits. For example, see State ex rel. Bismark Grill, Inc. v. Keirnan,181 S.W.2d 798, 802 (K.C.Ct.App. 1944), where the court held that the Director of Liquor Control for the City of Kansas City exercised a judicial discretion in granting or refusing permits.
Therefore, it is the view of this office that the issuance of permits under Section 311.215, RSMo Supp. 1975, is a discretionary power of the Supervisor which may not be delegated to district supervisors or any other persons.
Very truly yours,
 JOHN ASHCROFT Attorney General