Eli PFEFER, (Respondent),

v.

**BOARD OF POLICE COMMISSIONERS, et al. (Appellants).**

No. WD 33991.

Missouri Court of Appeals, Western District.

May 3, 1983.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied June 28, 1983.

Application to Transfer Denied Aug. 16, 1983.

Terry J. Brady, Manfred Maier, Kansas City, for appellants.

Richard Helfand, Panethiere & Helfand, Kansas City, for respondent.

Before CLARK, P.J., and DIXON and NUGENT, JJ.

CLARK, Judge.

This case presents the question of whether respondent, a police officer of the Kansas City, Missouri Police Department, acquired the status of permanent appointment after service as a probationary officer for a term of six months. At issue is the entitlement of respondent to a public hearing and removal only for cause, a condition not applicable to officers serving on probationary appointment. The trial court ruled that respondent had achieved the position of permanent appointment and was thus immune from summary discharge. We agree.

The facts of the case were essentially stipulated and each party moved for summary judgment. The case was one appropriate for this disposition because the pleadings and affidavits on file demonstrated there was no material issue of fact, the sole question being one of law. *Parmer v. Bean,* 636 S.W.2d 691, 694 (Mo.App.1982).

Respondent was employed on April 18, 1980 by the Kansas City Police Department as a probationary police officer. He served thereafter without any unusual noted incident for nine months and eleven days and on February 11, 1981, he received notification that his probationary period of six months which had expired some three months earlier was being extended for an additional six months. Thereafter, respondent was notified on March 31, 1981 that his employment with the department was terminated. He unsuccessfully sought a statement of charges and a hearing and then commenced this action.

The affidavit of the Chief of Police of the Kansas City Department, accompanied by exhibits, establishes a long standing practice of the department with respect to probationary officers. For more than twenty-five years, no officer has ever been given permanent non-probationary status without first serving two consecutive six month probationary periods. This results from department policy which is to extend automatically the initial six month probationary period for newly hired officers. During at least the past ten years, it has been department practice to give written notification to each probationary officer of the extension of his probationary term, such notice being supplied at some date before or during the six month extension period. It is thus taken as a fact of this case that the Board of Police Commissioners through the Chief of Police imposes uniformly on all candidates for appointment as permanent non-probationary officers the requirement of service during twelve consecutive months under probationary status. As an additional derivative fact, all police officers with less

than twelve months service are subject to summary discharge.

Whether or not the foregoing practice is conformable to the governing statute presents the legal issue in the case. This, in turn, requires examination of § 84.600, RSMo 1978 which, in pertinent part, reads as follows:

"84.600. Police force—probationary term—removal and alternatives (Kansas City).—The first employment of policemen and every police officer shall be for a probationary term of six months, after which the chief may at his discretion extend the probationary period for an additional term of six months, but no longer. During said probationary period the chief may at his discretion or at the direction of the police board discontinue their services at any time. Having served at least six months' probationary service to the satisfaction of the board and the chief, such policemen and police officers shall be appointed to the police force of said city and shall thereafter be subject to discharge or removal only for cause and upon complaint being made or charges being preferred against them. * * * "

Respondent contends the statute grants a vested interest in probationary officers who serve a period of six months probation without notification that service is unsatisfactory and without action by the Chief of Police promptly to extend the term for the added but optional term of six months. In respondent's case, having apparently served satisfactorily for a period of more than nine months, he contends he achieved non-probationary status and the notice of extension of probation was beyond the authority of the Chief to act.

The argument by appellants rests upon two contentions, first, that a uniform non-discriminatory practice is followed as to all newly employed officers and, second, that the practice of requiring one year's probation is set out in the Personnel Policy and Benefit Manual and all officers are expressly informed of the condition when they are hired. They argue that respondent accepted the terms of probationary service when he entered upon the employment.

We are persuaded that the contention is not entitled to bear on the decision because it is the statute and not practice or policy which controls. In passing, however, it is to be noted that appellants by their practice have given tacit recognition to the statute by circulating individual notices to each officer as to extension of the probationary term. If, as appellants contend, the policy is widely understood and implemented from the onset of employment, the individual notification at a later date is redundant and unnecessary.

The dispositive issue here is whether the stated and implemented policy of appellants to require one year probationary service of all officers conflicts with § 84.600, RSMo 1978. We thus must construe and apply that statute.

■■■ The primary rule of statutory construction is to ascertain the intent of the lawmakers from the language used, to give effect to that intent if possible, and to consider words used in the statute in their plain and ordinary meaning. *Eminence R–1 School District v. Hodge,* 635 S.W.2d 10, 13 (Mo.1982). In construing a statute, in an endeavor to determine the legislative intent, it is appropriate to consider its history, the presumption that the legislature had knowledge of the law, the surrounding circumstances and the purpose and object to be accomplished. *Person v. Scullin Steel Company,* 523 S.W.2d 801, 803 (Mo. banc 1975). It is a fundamental precept of statutory interpretation that the legislature is presumed to act with knowledge of the subject matter and existing law. *Bushell v. Schepp,* 613 S.W.2d 689, 691 (Mo.App.1981).

■■ A police officer, when he is commissioned under statutory or code provisions for dismissal only after notice, hearing and a finding of cause, acquires a right or title to the office and its emoluments and such privilege is entitled to protection. *Moore v. Damos,* 489 S.W.2d 465, 468 (Mo.App.1972).

■■■ The statute here at issue plainly mandates a probationary period of six

months for all newly hired officers, the effect of which is to defer for that time interval the vesting of those rights inuring to commissioned police officers. The Board of Kansas City Department therefore has no discretion to commission officers who have not completed the probation term. The statute similarly mandates a maximum probation term of twelve months and again, neither the Board nor the Chief may retain an officer on probationary status beyond twelve months. At that point, the officer must be commissioned or relieved. During the interval of a newly hired officer's employment from the sixth to the twelfth month, a decision on commissioning or discharging the officer may be postponed by the choice of the Chief of Police through seasonable notice of extension of the period of probation. The scheme of the statute therefore contemplates minimum and maximum periods for postponing the acquisition by police officers of the emoluments and privileges of office, depending in each case upon the discretionary choice by the Chief of Police to extend or not extend the probationary period.

The Board, by its adoption of a policy determination that all probationary officers shall retain that status for twelve months, has withdrawn from the Chief the discretionary authority granted to him by the statute and has accomplished a de facto revision of the statute modifying the mandatory probation period from six months to one year. The Board does not have the authority to do either. A probationary officer who has served six months probation to the satisfaction of the Board and the Chief is entitled to a non-probationary permanent commission with the attendant emoluments and privileges. If the officer's service during the six months probation is not satisfactory, the Board or the Chief may direct discontinuance of his service. Only the Chief, however, may extend the probation term and then, only by an exercise of discretion.

As Judge Wasserstrom pointed out in *State Board of Registration For Healing Arts v. Finch,* 514 S.W.2d 608, 614 (Mo.App.

1974), the use of the term "may" in a statute necessarily implies alternate possibilities and that the conferee of the power has the discretion in exercising it. Where discretion is to be exercised, there are factual considerations to be taken into account. So, too, has it been held that the exercise of discretion involves the duty of looking into facts, reaching conclusions therefrom and acting thereon and such function is quasi-judicial. *State ex rel. Griffin v. Smith,* 363 Mo. 1235, 258 S.W.2d 590, 593 (banc 1953).

The applicable language of § 84.600, RSMo 1978, " * * * the chief may at his discretion extend the probationary period * * *," is a grant of quasi-judicial authority to the police chief alone and contemplates evaluation of candidates for permanent commissions on a case by case basis. After a review of the facts, it is the duty of the chief to determine whether a candidate shall be retained under extended probation. The practice employed by the Kansas City Police Department described earlier makes no pretense of selectivity or even any consideration of the facts, but is an arbitrary abdication of the responsibility the statute confers. In part, as a consequence, probationary officers are denied their right to permanent status at the expiration of the first six months of employment without any evaluation of performance or merit. The policy and practice are contrary to the statute and are therefore unlawful.

In the subject case, respondent contends he is entitled to permanent non-probationary status and therefore could not be dismissed without notice and hearing. Apart from the fact that appellants do not contend respondent's probation was extended on any particular facts relevant to respondent's job performance, it is not debatable that notice of the extension of respondent's probation came too late. We are not called upon here to determine what time is allowable to provide such notice after the initial probation period has expired, there being no directive in this respect by the statute itself. A close case could be conceived, but that is not the situation here where more than three months of the ex-

tended term were allowed to pass without notice. Having not been seasonably notified to the contrary, respondent was entitled to assume he had successfully completed probation and was engaged for permanent employment.

For the reasons given herein, we conclude the trial court reached the proper result and the judgment is therefore affirmed.

All concur.