STATE of Missouri, Plaintiff-Appellant,

v.

Glenwood (Dan) PATTERSON, Defendant-Respondent.

No. 14988–1.

Missouri Court of Appeals, Southern District, Division One.

May 7, 1987.

Richard G. Callahan, Sp. Pros. Atty., Jefferson City, for plaintiff-appellant.

Lawrence J. Fleming, London, Greenberg & Pleban, St. Louis, for defendant-respondent.

HOLSTEIN, Judge.

The State of Missouri appeals from the trial court's dismissal of one count of an indictment, contending the court erred by failing to transfer the count to the county having proper venue, pursuant to § 541.120 RSMo 1986. We affirm.

On April 3, 1985 a Reynolds County Grand Jury indicted the defendant, the Mayor of Bunker, Missouri, on three felony counts. Count I of the indictment alleged that from July of 1981 to April of 1982, the defendant had received $1,320.00 from the City of Bunker for the lease of a backhoe and truck without advertising for bids and accepting the lowest bid in violation of the conflict of interest statute, § 105.454 RSMo 1986.

■ The City of Bunker lies partially in Reynolds County and partially in Dent County. The defendant resides in Dent County. Venue for prosecutions under the conflict of interest statute lies in the county in which the person charged resides. § 105.474 RSMo 1986.

Defendant moved to dismiss Count I on the basis of improper venue and failure to state a cause of action. The State responded by confessing improper venue but requested that Count I be transferred to Dent County pursuant to § 541.120 RSMo 1986. That section provides, in part:

> "When it appears at any time before verdict or judgment that the defendant is prosecuted in a county not having jurisdiction of the offense the court *may* order that all the papers and proceedings be certified and transmitted to the proper court of the proper county, and recognize the defendant to appear before such court on the first day of the next term thereof, to await the action of the grand jury ..." (Emphasis added.)

■ The trial court sustained the motion to dismiss Count I because of improper venue. The trial court also found the allegations of Count I of the indictment to be insufficient. The state is entitled to appeal and this court has jurisdiction of such appeal when an indictment is adjudged to be insufficient. § 547.200.2 and 547.210 RSMo 1986, and Rule 30.01.

■ The state urges adoption of a construction of the above quoted statute, which would require transfer of the proceedings when an indictment is returned in a county of improper venue. In construing statutes a court seeks to ascertain the intent of the lawmakers and to give effect to that intent. What the legislature intended in a statute is ordinarily concluded from the language which is used. *State v.*

*Swoboda*, 658 S.W.2d 24, 26 (Mo. banc 1983); *State v. Sweeney*, 701 S.W.2d 420, 423 (Mo. banc 1985). Words used in statutes are considered in their plain and ordinary meaning in order to ascertain the intent of the lawmakers. *Bartley v. Special School District of St. Louis County*, 649 S.W.2d 864, 867 (Mo. banc 1983). Where the language of a statute is plain and unambiguous, there is no room for construction and the statute will be given effect as written. *State, ex rel. Missouri State Board of Registration for the Healing Arts v. Southworth*, 704 S.W.2d 219, 224 (Mo. banc 1986).

The word used in the statute under consideration is the permissible "may" rather than the mandatory "shall". The use of the word "may" in a statute implies alternate possibilities and that the conferee of the power, in this case the court, has discretion in the exercise of the power. *Pfefer v. Board of Police Commissioners*, 654 S.W.2d 124, 128 (Mo.App.1983). We conclude that the use of the word "may" in § 541.120 RSMo 1986 gives the trial court discretion to certify the proceedings and papers relating to an improperly filed indictment to the county and court having jurisdiction, but the statute does not require such action.

When a trial court has exercised discretion, appellate review is limited to a determination of whether there is a clear showing of abuse and a real possibility of injury to a complaining party. Abuse exists when reasonable men could not differ as to the impropriety of the trial court's action. *State v. Young*, 701 S.W.2d 429, 432 (Mo. banc 1985). In applying the standard of review to this case, no abuse of discretion has been demonstrated.

Surprisingly, the State makes no claim that the trial court abused its discretion. While cautiously avoiding quoting the language of the statute, the State simply concludes that the trial court had no discretion. In view of the plain language of the statute such conclusion has no basis in law or reason.

The state's brief also assumes that the certification and transmittal of the "papers and proceedings" is a continuation of the same indictment in the court of the receiving county, equivalent to a change of venue. Implicit in the state's assumption is that no new indictment or information would be necessary to charge the defendant in the receiving county. Because § 541.120 RSMo 1986 requires "action by the grand jury" in the receiving county, we are doubtful that the state's assumption is sound, but we need not address that issue to dispose of this appeal.

Inasmuch as the trial court properly dismissed Count I of the indictment because of improper venue, the court need not decide whether the allegations of Count I sufficiently stated an offense. The order dismissing Count I is affirmed.

CROW, C.J., and GREENE, P.J., concur.