COLONY–LOBSTER POT
CORPORATION,
Appellant,

v.

DIRECTOR OF REVENUE,
Respondent.

WD 41501.

Missouri Court of Appeals,
Western District.

April 4, 1989.

Motion for Rehearing and/or
Transfer to Supreme Court Denied
May 30, 1989.

Donald R. Schoonover, Excelsior Springs, Robert D. Gaines, Kansas City, for appellant.

William L. Webster, Atty. Gen., Richard L. Wieler, Asst. Atty. Gen., Jefferson City, for respondent.

Before KENNEDY, C.J., and
LOWENSTEIN and GAITAN, JJ.

GAITAN, Judge.

Appellant, Colony–Lobster Pot Corporation appealed to the Administrative Hearing Commission sales tax paid to the Director of Revenue under protest. Thereafter, appellant sought, but was denied, the award of litigation expenses pursuant to section 136.315, RSMo 1986. We affirm.

Prior to February 4, 1984, the Colony Restaurant in the Union Station in Kansas City, Missouri, was operated by Track II, Inc. Track II owed sales tax to the State of Missouri because of its restaurant operation. On or about February 4, 1984, Robert Gaines and his sister repossessed the assets of the restaurant under a security agreement held against Track II. After repossession, these assets were turned over to the appellant for use in running a restaurant at the same location. Appellant started operating the Colony Restaurant in February 1984. At no time did the appellant or the Gaines ask for or get a non-tax due letter from the Director of Revenue.

In order to get a sales tax license, the appellant paid $26,974.94, the sales tax owed by Track II, to the State of Missouri under protest on March 14, 1984. Two protest affidavits asking for refund of the tax were filed with the Director of Revenue, one on March 14, 1984, and one on March 22, 1984. Both affidavits claimed that appellant had no successorship liability under section 144.150, RSMo 1986. This statute requires that the successor of a business withhold sufficient money from the purchase price to cover unpaid sales tax. Failure to do so results in personal liability to the successor. Appellant's claim for refund was denied by the Director of Revenue on April 5, 1984. Appellant then filed a complaint with the Administrative Hearing Commission on April 16, 1984 seeking a refund of the sales tax paid. The Director of Revenue conceded the issue by filing a motion to dismiss with the Commission on September 12, 1984. The Commission issued an order of dismissal on September 17, 1984, ordering the Director of Revenue to refund the sales tax paid under protest plus statutory interest.

On September 28, 1984, appellant filed a petition for litigation expenses with the Administrative Hearing Commission pursuant to section 136.315, RSMo 1986. As a basis for the award of such expenses, appellant argued that the position of the Director of Revenue was not substantially justified. At the hearing on the question of expenses, counsel for appellant testified that the general counsel for the Department of Revenue had told him that appellant might be correct in its position and that the general counsel might be able to help if appellant could provide the necessary information. In addition, counsel for appellant stated that a member of the general counsel's staff had sent him a letter on May 15, 1984, indicating his belief that no liability existed if the appellant could provide information that no consideration had passed to the prior owner.

Based on the evidence heard, Commissioner, J. William Campbell, concluded that the Director of Revenue's position was substantially justified and that no expenses were owing under the circumstances.

## I.

The standard of review of a Commission decision is whether that decision is authorized by law and supported by competent and substantial evidence upon the whole record. § 621.193, RSMo 1986. To the extent that the decision involves a question of law, it is a matter for the independent judgment of the reviewing court and that court may make correction where errors exist. *Daily Record Company v. James*, 629 S.W.2d 348, 351 (Mo. banc 1982).

The Commission may award reasonable litigation expenses to a party prevailing in a tax proceeding if it finds that the position of the State was vexatious or was not substantially justified. Section 136.315.2, RSMo 1986, provides as follows:

Litigation expenses may be allowed in certain tax cases, when, definitions, procedure—award may be denied or reduced.

\* \* \* \* \* \*

2. When a party prevails in a proceeding filed after January 1, 1984, *the court or administrative hearing commission may award the party reasonable litigation expenses if it finds that the position of the state was vexatious or was not substantially justified.* Fees and expenses shall not be awarded if the final disposition is substantially the same as a settlement previously offered by the

department to the taxpayer. (Emphasis added).

The legislative intent under this statute is to permit the Commission to allow reasonable litigation expenses under certain conditions if, and only if, it found that the position of the State was vexatious or was not substantially justified. In *State ex rel. Hanlon v. City of Maplewood,* 231 Mo. App. 739, 99 S.W.2d 138 (1936), this Court stated that the primary objective of statutory construction was to determine legislative intent and that permissive words would not be construed as mandatory where such construction would create a new public obligation. *Id.* at 142. Additionally, in *State v. Patterson,* 729 S.W.2d 226 (Mo.App.1987), the Southern District stated that the use of the word "may" in a statute implies alternative possibilities and that the conferee of that power has discretion in the exercise of power. *Id.* at 228.

The exercise of discretion by the Commission under section 136.315, RSMo 1986, should not be disturbed in the absence of any evidence that the Commission's decision was clearly erroneous or constituted an abuse of discretion. *See Daily Record Company,* 629 S.W.2d at 350. The evidence before the Commission indicated that the Director of Revenue imputed sales tax liability against appellant as a successor in business to a delinquent taxpayer under section 144.150, RSMo 1986. The prior operator of the restaurant owed sales tax to the Department of Revenue. Appellant started operating the restaurant in the same location in February 1984, using the assets of the former owner. Appellant admitted that the State was not vexatious in its position, but argued that it was not substantially justified in imposing successorship liability because no purchase money had been transferred to the prior owner by appellant to acquire the restaurant business. Rather, appellant argues that the restaurant assets of the prior owner had been obtained through repossession under a security agreement held by one Robert Gaines and his sister, Karen Gaines, and then transferred to appellant.

In 1984, it had not been judicially determined whether successorship liability under section 144.150, RSMo 1986, could be applied to a person acquiring a business or stock of goods as a result of an enforcement action by a creditor pursuant to a security agreement. The Director of Revenue had taken the position that successorship liability could be applied where a business was acquired through foreclosure and this position had been affirmed by the Commission in *Bates. v. Director of Revenue,* Case No. RS–83–0298 and RS–81–0300 (March 13, 1984). This case was appealed to the Missouri Supreme Court and was subsequently affirmed in *Bates v. Director of Revenue,* 691 S.W.2d 273 (Mo. banc 1985). Cases from other jurisdictions indicated that creditors could be subjected to successorship tax liability. *See, e.g. Bank of Commerce v. Woods,* 585 S.W.2d 577 (Tenn.1979), and *Tri–Financial Corp. v. Department of Revenue,* 6 Wash.App. 637, 495 P.2d 690 (1972).

In construing the term "substantially justified," the Commission referred to the Federal Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A) (1988), which provides for the award of litigation expenses to persons prevailing in actions against the United States government "unless the court finds that the position of the United States was substantially justified." The Commission noted with approval the language in *Foley Construction Company v. U.S. Army Corps of Engineers,* 716 F.2d 1202 (8th Cir.1983), wherein the court stated that "the test of whether the position of the United States is substantially justified is essentially one of reasonableness in law and in fact." *Id.* at 1204.

As found by the Commission, the Director of Revenue's position was reasonable at the time successorship liability was imposed against appellant. The intention of the legislature regarding the liability of creditors or their successors to successorship tax under section 144.150 was not resolved until 1987 when that section was amended to specifically exclude such persons. *See* § 144.150, RSMo 1987 Supp. Consequently, the Commission's interpretation of the law as it existed at the time of

this controversy was not without reason, and therefore was justified.

## II.

■ Appellant next contends that the Director of Revenue acted arbitrarily and in excess of his authority in that he failed to promulgate rules and regulations interpreting Section 144.150, RSMo 1978, the successor liability statute. We disagree. It is well settled that "[t]he incidence of taxation is determined by law, and the Director of Revenue and his subordinates have no power to vary the force of the statute." *Lynn v. Director of Revenue*, 689 S.W.2d 45, 49 (Mo. banc 1985). Thus, while the existence of regulations might have provided guidance to a taxpayer in the position of appellant, the regulations have no affect on the scope of the tax law. Therefore, appellant's point is without merit.

## III.

■ Although the Commission determined that no litigation expenses should be awarded in this case, it discussed at length the reasonableness of appellant's request and determined that any award which might have been issued should be reduced severely. Here, appellant sought total litigation expenses of $6,562.43 and the Commission awarded expenses of $491.21. In determining the amount of any award for reasonable litigation expenses, section 136.-315.4, RSMo 1986, provides as follows:

> The court or administrative hearing commission, *in its discretion*, may reduce the amount to be awarded pursuant to this section, or deny an award, to the extent that the prevailing party, during the course of the proceedings, engaged in conduct which unduly and unreasonably protracted the final resolution of the matter in controversy or when an overriding public interest exists which would make an award unjust. (Emphasis added).

The language of the statute mirrors established judicial principles in the award of litigation expenses. That is, the determination of reasonable litigation expenses is a matter within the sound discretion of the trial court. *Waldron v. Ragland,* 716 S.W. 2d 861, 863 (Mo.App.1986). Furthermore, the trial judge is considered to be an expert on the matter of the reasonable value of legal services rendered and his determination will not be disturbed in the absence of a clear showing of manifest abuse of discretion. *Sebree v. Rosen,* 393 S.W.2d 590, 599 (Mo.1965); *Vadnais v. Vadnais,* 558 S.W.2d 249, 251 (Mo.App.1977).

The record discloses that appellant's counsel was told on the day the tax was paid under protest by the general counsel of the Department of Revenue that appellant's position might be correct, and that the general counsel might be able to help if certain information surrounding the transfer of assets from the delinquent taxpayer to appellant could be provided. On May 15, 1984, approximately one month after the complaint was filed with the Commission, appellant's counsel received a letter from an assistant general counsel of the Department of Revenue indicating a belief that no liability existed, if appellant could provide information showing that no consideration passed to the prior owner. It was not until prior to September 12, 1984, that Mr. Gaines provided the requested documents. Thereafter, on September 17, 1984, the Director of Revenue conceded to appellant's contention and the Commission ordered a full refund of sales tax paid under protest plus statutory interest.

With regard to the expenses, there was evidence to support the Commission's conclusions that a substantial majority of the expenses were unnecessary and excessive. Further, appellant's counsel wore many hats: attorney for appellant, chairman of the board, active manager in appellant's restaurant business, and one of two stockholders. The Commission also noted that Mr. Gaines had only been admitted to practice law for one year and his inexperience created excessive legal hours in this matter. There is nothing in the record to demonstrate any abuse of discretion which would cause this Court to reverse the Commission's decision that an award of litigation expenses in the amount requested would be unjust. While appellant claimed

93 hours at Sixty-five Dollars ($65) per hour, the Commission's award and explanation of allowing twenty-four hours and fifty minutes at $15.00 per hour is supported by the record, as well as the expenses of $118.76.

The judgment is affirmed.

All concur.