**In re the ESTATE OF G.A. BUDER, Jr., Deceased.**

**No. 56207.**

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 12, 1989.

Gerard F. Hempstead, Robert J. Selsor, Clayton, for appellant.

---

Kathleen R. Sherby, W. Donald Dubail, St. Louis, Warren H. Kawin, Clayton, Donald Kenneth Anderson, Jr., William O. Cramer, John S. Sandberg, William A. Moffitt, Jr., Charles A. Weiss, St. Louis, for respondent.

CRIST, Judge.

The personal representatives of G.A. Buder, Jr., deceased, appeal from an order of the circuit judge of the Probate Division of the Circuit Court of St. Louis County revoking independent administration and directing supervised administration per § 473.833, RSMo 1986. We affirm.

G.A. Buder, Jr., died testate on November 9, 1984. The will was admitted to probate. Appellants, the personal representatives, were appointed to administer the Buder Estate under the supervision of the Probate Division on January 2, 1985.

The will did not provide for independent administration. However, all thirty-one legatees, including respondent, the American Security Foundation, consented to independent administration under § 473.780.2, RSMo 1986. On May 29, 1985, the Probate Division entered its order allowing appellants to proceed independently.

Article V of the Will directed appellants to divide 25 percent of the net probate estate among several specified charitable, benevolent or educational organizations. Twenty percent of the bequest was to be paid to respondent, the American Security Council Education Foundation (n/k/a the American Security Council Foundation), "to be used in the construction development, operation and maintenance of the Freedom Studies Center in Boston, Virginia."

Thus, respondent was to receive a total bequest of approximately $1,200,000 out of the $37 million estate. Of this amount, $250,000 was distributed to respondent around December of 1985. Appellants thereafter distributed 50 percent of the charitable bequests to all the other designated charities except respondent. Respondent was not informed of those distributions.

On or about August 3, 1988, appellants filed in the circuit court a petition for declaratory judgment construing the Will. They challenged the entitlement of respondent to its bequest. Specifically, the personal representatives requested the court to declare the bequest null and void and order the balance of respondent's bequest to be distributed pro rata among the other charitable beneficiaries or to another educational institution, to be named by the court under the doctrine of *cy pres*.

On October 26, 1988, respondent petitioned the Probate Division requesting supervised administration. § 473.833.1, RSMo 1986. Respondent's petition set forth that appellants' adversarial position conflicted with their fiduciary duty to protect the interests of respondent in the estate. They claimed that their interest could best be protected through court supervision of the administration. At the hearing, respondent also complained of a lack of communication regarding the administration of the estate. The court ordered supervised administration.

Appellants now assert the trial court erred in terminating the independent administration of the estate when there was no allegation by respondent or finding that the estate had been improperly administered or that the assets of the estate were in jeopardy. They claim because a finding of such is required before an interlocutory order may be entered under § 473.833.3, such a finding is required before independent administration may be revoked under § 473.833.4.

■ As a preliminary matter, respondent claims the judgment of the trial court under § 473.833, RSMo 1986 is not a final order and is not appealable. It is true that no subsection of § 472.160.1 specifically authorizes the appeal of an order revoking independent administration. However, § 472.160.1(14) allows for an appeal in "cases where there is a final order or judgment of the probate division of the circuit court under this code." It has been held § 472.160 provides the right to appeal an order "where the rights of all parties and all issues are fully adjudicated and disposed of ..." *Smith v. Snodgrass*, 747 S.W.2d 743, 744 (Mo.App.1988). Such is the case here. Therefore, this appeal is properly before the court at this time.

█ In looking at the statute authorizing the revocation of independent administration, § 473.833, we must ascertain the intent of the legislature and give effect to it from the language used in the statute. *Wolff Shoe Co. v. Director of Revenue*, 762 S.W.2d 29, 31 [3] (Mo. banc 1988) "[W]here a statute's language is clear and unambiguous, there is no room for construction." *Id.*

Section 473.833 states:

1. An independent personal representative, or any interested person, may at anytime, file a petition to revoke the provisions of letters testamentary or of administration authorizing independent administration....

2. .Upon the filing of such petition, the court shall determine the extent of petitioner's interest in the estate and, if it shall find that such interest is more than normal, the court shall order a hearing on the petition, directing notice thereof to be given to all interested persons, and may specify the time within which such interested persons shall file answers to such petition. If, upon motion of any interested person, the court finds that the petitioner's interest is nominal, the court may dismiss the petition.

3. The court may enter such interlocutory orders as it deems necessary to protect the assets of the estate pending a full hearing, or to determine whether or not the independent personal representative has properly administered the estate.

4. After hearing on the petition, the court may enter an order directing supervised administration, or the court may deny the petition conditioned upon the performance of some act by the independent personal representative, or the court may grant such other relief as the court deems appropriate under the circumstances. If the court finds that the actions of the independent personal representative have resulted in loss to the estate, the court may, in addition to ordering supervised administration, remove the personal representative and enter a judgment against him and his sureties, if any, in accordance with the provisions of section 473.207.

5. After an order revoking authorization for independent administration has been entered, the administration of the estate shall proceed under the provisions of this chapter other than sections 473.780 to 473.843.

Section 473.833.4 does not require a finding that the assets of the estate are in jeopardy or the estate is being improperly administered before supervised administration is ordered. All the sections says is "[a]fter hearing on the petition, the court may enter an order directing supervised administration...." § 473.833.4. The use of the word "may" vests the probate court with discretion in deciding whether to order supervised administration. *See State v. Patterson*, 729 S.W.2d 226, 228 [6] (Mo. App.1987).

There is little reason for a strained construction of § 473.833.4. It means what it says. The price for independent administration is a ready revocation. The interested parties have protection when they assent to an independent administration that their assent can be revoked by permission of the probate judge. The plain and unambiguous terms of § 473.833.4 demonstrates the legislature's intent to confer broad discretionary authority on the probate court.

█ With this in mind, the real question in this case is whether the probate court abused its discretion. "Abuse exists when reasonable men could not differ as to the impropriety of the trial court's action." *Patterson*, 729 S.W.2d 226, 228. Appellants have failed to show what, if any, additional costs will be borne by the estate under supervised administration. They merely have to make an accounting in Probate Court. There is no abuse of discretion when the probate court merely exercises the power granted to it by the legislature.

Judgment affirmed.

GARY M. GAERTNER, P.J., and REINHARD, J., concur.