## Ezra A. Engle v. Hiram L. Chipman.

*Services in aid of prosecuting attorney.*

In an action against a prosecuting attorney for legal services rendered by plaintiff as his assistant, proof that defendant promised to tell the supervisors that the bill was right, and ought to be paid, is no evidence of a recognition of personal liability, or of the actual rendering of the services.

A general delegation of his powers by a prosecuting attorney is against public policy, and is illegal; and it can furnish no basis which a court will recognize for any action by the person to whom the powers were delegated for personal compensation for his services.

A prosecuting attorney is vested with a personal discretion as a minister of justice and not as a mere legal attorney, and he must act impartially, as well in refraining from prosecuting as in prosecuting.    He must guard the real interests of public justice in behalf of all concerned, and he must not become entangled with private interests or grievances in any way connected with charges of crime.

A prosecuting attorney may, perhaps, employ assistants in ways not involving his official discretion or responsibility, but this discretion can only be delegated on special grounds, where an assistant has been provided for by law.

Error to Huron.    (Wixson, J.)    October 4.—October 17.

Assumpsit.    Plaintiff brings error.    Affirmed.

*Engle & Engle* for appellant.

*Chipman & Bope* and *William T. Mitchell* for appellee.

CAMPBELL, J. Engle sued Chipman for legal services claimed to have been rendered as agent of Chipman in matters relating to his duty as prosecuting attorney of Huron county. His claim was in substance that having declined to act in certain cases specified, without general authority, this authority was given him, and he acted accordingly. His bill of particulars contained ten items of services in criminal proceedings. He testified that he showed his bill to Chipman, who, after examining it, told him to file it with the board of supervisors, and if they raised any question about allowing the bill he would tell the board the bill was right,— that plaintiff had rendered the services and should have his pay. This was denied by defendant.

The jury found a small verdict in plaintiff's favor, but rejected most of his claim. We do not think it necessary to go at length into the questions presented by plaintiff, because, as pointed out by counsel for defense, the record does not show any case made out at all. We find nothing to show that any services were rendered, nor thei· value if rendered. The fact, if true, that defendant promised to make certain representations to the supervisors is no evidence of any recognition of personal liability, and no evidence of the actual rendering of the services. And in the absence of any further showing—inasmuch as it devolves upon plaintiff to show error—we can see nothing to base objections upon.

But we are also of opinion that if the agency created was such as plaintiff claims it to have been, it was illegal. No doubt a prosecuting attorney may employ assistants in various ways not involving his official discretion or responsibility, and this is all that defendant admits he ever did. But the law has very carefully guarded the criminal interests of the State from any interested or unauthorized intermeddling. The prosecuting attorney is a very responsible officer, selected by the people and vested with personal discretion

intrusted to him as a minister of justice, and not as a mere legal attorney. He is disqualified from becoming in any way entangled with private interests or grievances in any way connected with charges of crime. He is expected to be impartial in abstaining from prosecuting as well as in prosecuting, and to guard the real interests of public justice in favor of all concerned. This discretion is official and personal, and our laws have only allowed its delegation on special grounds, where an assistant has been provided for by carefully guarded legislation. It is directly contrary to public policy to allow any general delegation of a prosecutor's powers, and the courts cannot recognize any such arrangement as forming a basis for personal compensation.

For all these reasons we must decline to disturb the verdict.

The judgment must be affirmed with costs.

The other Justices concurred.