STATE of Missouri ex rel. Gene
SCHULTZ, Respondent,

v.

Milt HARPER, Prosecuting
Attorney, Appellant,

and

STATE of Missouri ex rel. Wendell
MITCHELL et al., Respondents,

v.

Milt HARPER, Prosecuting
Attorney, Appellant.

Nos. KCD 30275, KCD 30276.

Missouri Court of Appeals,
Kansas City District.

Oct. 18, 1978.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Nov. 2, 1978.

Milt Harper, pro se.

Larry M. Woods, Sapp, Woods & Orr,
Columbia, for respondent Gene Schultz.

Before SWOFFORD, C. J., SHANGLER
and PRITCHARD, JJ.

SWOFFORD, Chief Judge.

These consolidated cases originated in
Boone County, Missouri by the filing in that
court of two separate petitions for writs of
mandamus against Milt Harper, the Prose-
cuting Attorney of that County, seeking to
compel him to file charges based upon affi-
davits by the respective respondents charg-
ing the other respondent with violation of
the laws arising from occurrences on Octo-
ber 26, 1977 at Columbia, Missouri. Re-
spondent Schultz is a private citizen and
respondents Wendell Mitchell and Alan
Mitchell are members of the Columbia, Mis-
souri Police Department. The record lacks
any details as to the circumstances giving
rise to these actions except as to the facts
that they occurred on October 26, 1977, at
the Schultz residence.

The affidavits filed by respondent
Schultz with the Prosecuting Attorney
charged that "* * * *Alan* Mitchell and
Dennis Veatch, police officers of the City of
Columbia * * * were guilty of the com-
mission of the crimes of Common Assault,
Trespass, Oppression in Office, and Forcible
Entry and Detainer * * *".

The joint affidavit filed by Wendell
Mitchell and Alan Mitchell charged that
Schultz "did wilfully strike, beat or wound
*Wendell* Mitchell, a peace officer, while
such officer was actively engaged in the
performance of duties imposed on him by
law * * *". Both respondents alleged in
their separate petitions, in substance, that

such affidavits complied with the requirements of law and were deposited with the appellant-prosecutor for the purpose of causing him to file informations thereon; that they demanded that he do so as was his obligation under the law; that he refused to do so; and, that he had no discretion in the premises. Upon the basis of these petitions, the court below issued alternative writs of mandamus.

In his returns thereto, the appellant, in substance, admitted that the affidavits were filed with him for the purpose of filing informations thereon; that he investigated the allegations of criminal conduct contained therein; that, in the exercise of his absolute prosecutorial discretion, he decided that upon the law and the facts no criminal conduct had occurred; and, that he, therefore, refused to file criminal informations. The court below thereafter ordered its peremptory writs of mandamus issued and the prosecutor appealed to this Court, where the appeals were consolidated.

At the outset, it is noted that the record is unclear as to the names of the police officers involved. The transcript in the Schultz case (No. KCD 30,275) does not contain a copy of the affidavit filed by Schultz with the prosecutor but his petition for mandamus identifies the persons he charges as *Alan* Mitchell and *Dennis Veatch,* police officers. The affidavit filed in the other case is shown in the transcript. It was signed by *Wendell* Mitchell and *Alan* Mitchell, police officers, and states that Wendell Mitchell was the recipient of the Schultz assault. *Dennis Veatch* appears in the record only in the Schultz petition. The alternative and peremptory writs issued by the court below in the Schultz case do not identify the person or persons against whom the prosecutor is commanded by the writ to file informations.

While respondents Mitchell were represented by counsel in all proceedings below, they have not filed a brief in this appeal. However, this deficiency and confusion in the record is not raised by the parties and has no effect upon the decision in view of this Court's conclusions as to the legal issues here decisive of the appeals.

The single dispositive issue for decision is the duty and obligation of a prosecutor, when sworn affidavits are filed with him charging another with a criminal offense, to file informations thereon. Or stated in another light, to what extent can or should he exercise his discretion in such circumstances?

The appellant-prosecutor's position is that under the statutes, § 56.060 RSMo 1969, and § 545.250 RSMo 1929, RSMo 1969, and the decisional law relating thereto, upon the filing of the affidavits of complaint above described it lies within his absolute discretion as to whether or not a criminal charge is filed based upon such affidavits; that after investigation he concluded that such informations should not be filed, and it would have been improper for him to do so since the criminal charges were not supported by probable cause; and, that the writs of mandamus were incorrectly issued.

On the other hand, respondent Schultz in his brief takes the position that under §§ 545.250, 545.240, 543.030 and 543.040, RSMo 1969, it was the absolute duty of the appellant-prosecutor to file the informations based upon the affidavits with no room for the exercise of any discretion. The issue is thus clearly drawn and requires an examination of the statutory and case law existing on this subject.

The broad and all-inclusive duties and obligations of a prosecuting attorney in Missouri are stated in § 56.060 RSMo 1969, which provides in part that:

"Each prosecuting attorney *shall commence* and prosecute all civil and criminal actions in his county in which the county or state is concerned * * *" (Emphasis added)

§ 545.250 RSMo 1969, upon which the actions here involved are based, in essential part, provides:

"When any person has knowledge of the commission of a crime, he may make his affidavit * * * and file the same with the clerk * * * or deposit it with the prosecuting attorney * * *

and *it shall be the duty of the prosecuting attorney to file an information, as soon as practicable, upon said affidavit,* as directed in section 545.240." (Emphasis added) § 545.240 referred to covers the procedural steps to be followed in filing an information based upon a citizen's complaint and affidavit.

§ 545.250 was first enacted in 1877, Laws 1877, p. 354. Section 6 of that enactment stated that "the prosecuting attorney *must* file an information as soon as practicable", instead of the term "it shall be the duty of the prosecuting attorney" as above quoted from the present statute, which was enacted in identically its present form as Section 3505, RSMo 1929.

Respondent Schultz also cites §§ 543.020 and 543.030 RSMo 1969 as supportive of his position. Chapter 543 deals with proceedings before Magistrate courts in misdemeanors, and § 543.020, in pertinent part, provides that complaints covering this type of offense may be filed by the complainant with the magistrate having jurisdiction of the offense, or deliver the same to the prosecuting attorney who "shall *forthwith* file an information" with the proper magistrate. § 543.030 provides in part that all such informations shall be made and signed by the prosecuting attorney and shall be filed with the magistrate "*as soon as practicable*" (Emphasis added). It is apparent that the Legislature in the enactment of these sections employed the terms "forthwith" and "as soon as practicable" (the latter phrase being the same as that employed in § 545.250) as synonymous so that a determination of the meaning of the phrase as used in § 545.250 under the decisions will be equally binding as to the meaning of the phrases employed in §§ 543.020 and 543.030.

The parties' briefs and independent research do not disclose any decisions in this state that factually present this exact issue nor which involve the extraordinary writ of mandamus procedure to force a prosecutor to file an information upon a citizen's complaint without the exercise of any discretion, regardless of the factual results of his own investigation and his application of his legal knowledge and judgment. However, the courts on several occasions have been called upon to both define his *obligations* as prosecutor in such circumstances and also to define the *limits thereof* under the statutes in question here.

In *State on Inf. McKittrick, Atty. Gen. v. Wymore, Pros. Atty.,* 345 Mo. 169, 132 S.W.2d 979 (Banc 1939) a Quo Warranto proceeding was brought by the Attorney General of Missouri against the Prosecuting Attorney of Cole County seeking to oust him from that office upon the grounds that he had permitted the open and notorious operation of gambling devices, such as slot machines, in that county and principally in Jefferson City, in violation of the criminal laws of this state. The evidence was overwhelming that such was the fact and that it was common knowledge that such violations were open, continuous and uninterrupted and had received wide coverage in the news media. The court held that, under the evidence, the prosecutor had *actual* knowledge of the violations under the "notorious fact" rule.

The prosecutor denied any actual knowledge of these facts and further stated that no complaint had ever been filed with him requiring any investigatory, discretionary or other affirmative exercises of his powers or duties as prosecutor under the statutes and, therefore, he was not guilty of official misconduct. Thus, the challenge to define his powers and duties as prosecutor was by the court in *Wymore* accepted, in no uncertain terms.

The court in *Wymore* declared, citing from a Wisconsin case:

"* * * 'A public prosecutor is a quasi judicial officer, retained by the public for the prosecution of persons accused of crime, in the exercise of a sound discretion to distinguish between the guilty and the innocent, between the certainly and the doubtfully guilty.' * * * Of necessity, 'in distinguishing between the certainly and the doubtfully guilty' the prosecuting attorney should make a reasonable effort to discover witnesses and interview them with reference to the

facts. After doing so he should give careful consideration to both the law and the facts before determining the question of prosecution or no prosecution. * *" (132 S.W.2d l.c. 986 [9, 10]).

In discussing this Section 3505, RSMo 1929 (now Section 545.250 RSMo 1969 here involved) providing for citizen complaints, the court in *Wymore* said (132 S.W.2d l.c. 988 [21–22]):

"* * * If a private person files a complaint, the prosecuting attorney is not compelled, for that reason, to file an information. However, it is his duty to make a reasonable investigation and then determine if an information should be filed."

In the case of *State on Inf. McKittrick, Atty. Gen. v. Wallach,* 353 Mo. 312, 182 S.W.2d 313 (Banc 1944), a quo warranto proceeding to declare forfeiture of the office of prosecuting attorney of St. Louis County, for failure to prosecute gambling and liquor violations in that county, the court spelled out in greater detail the duties and discretionary powers of the prosecuting attorney. The sense of *Wallach* is based upon the premise of information or facts coming to the prosecutor, whether the source be citizens' complaints, police or other law enforcement investigation or personal knowledge of facts. In each event the court declared this standard of prosecutorial conduct (182 S.W.2d l.c. 318–319 [4–10]):

"The duty of a prosecuting officer necessarily requires that he investigate, i. e., inquire into the matter with care and accuracy, that in each case he examine the available evidence, the law and the facts, and the applicability of each to the other; that his duties further require that he intelligently weigh the chances of successful termination of the prosecution, having always in mind the relative importance to the county he serves of the different prosecutions which he might initiate. Such duties of necessity involve a good faith exercise of the sound discretion of the prosecuting attorney. 'Discretion' in that sense means power or right conferred by law upon the prosecuting

officer of acting officially in such circumstances, and upon each separate case, according to the dictates of his own judgment and conscience *uncontrolled by the judgment and conscience of any other person.* Such discretion must be exercised in accordance with established principles of law, fairly, wisely, and with skill and reason. It includes the right to choose a course of action or non-action, chosen not wilfully or in bad faith, but chosen with regard to what is right under the circumstances. Discretion denotes the absence of a hard and fast rule or a mandatory procedure regardless of varying circumstances. That discretion may, in good faith (but not arbitrarily), be exercised with respect to when, how and against whom to initiate criminal proceedings. *Watts v. Gerking,* 111 Or. 641, 228 P. 135, 34 A.L.R. 1489. Such discretion so vested by law in the prosecuting officer is both official and personal. *Engle v. Chipman,* 51 Mich. 524, 16 N.W. 886. * * *" (Emphasis added)

This prosecutorial discretion recognized in *Wymore* and *Wallach,* supra, is given further credence and emphasis in the case of *State ex rel. Griffin, Pros. Atty. v. Smith, J.,* 363 Mo. 1235, 258 S.W.2d 590 (Mo. banc 1953). This was an original proceeding in prohibition instituted by the prosecuting attorney to challenge the jurisdiction of a circuit judge to proceed further in a homicide prosecution, in which case the prosecutor had both orally and in writing entered the state's *nolle prosequi* and dismissal of said cause. The respondent-judge refused to permit the prosecutor to enter said *nolle prosequi* or discontinue the criminal prosecution. A preliminary rule in prohibition was issued against the judge by the Supreme Court en banc, which was by the decision made absolute.

In this case, in discussing the powers of a prosecuting attorney, the court held that he was vested under the law with personal discretion as a minister of justice, and stated (258 S.W.2d l.c. 594):

"* * * Of necessity a prosecuting attorney is charged with the responsibility and vested by law with the discretion and legal duty to investigate the facts and the applicable law and to himself determine when a prosecution should be initiated. And by token of the same reasoning we think the discretion vested in him by law places in him the sole power to determine when he should proceed with the prosecution or dismiss it."

To like effect, see: *State ex rel. Lodwick v. Cottey,* 497 S.W.2d 873, l.c. 880 [6] (Mo.App. 1973).

■ In the light of these clearly analogous declarations, the conclusion is inevitable that in the cases at bar, the prosecutor-appellant was vested with the absolute discretion as to whether or not he would file informations based upon the affidavits of Schultz and the Mitchells subject only to his obligation to investigate the facts and the law applicable and reach his own conclusion thereon. In his return to the preliminary writs, he states that he did make such an investigation and reached the conclusion that under the law and the facts, no criminal violation was shown and no proper cause existed for the filing of such informations. These allegations are not challenged or in anywise disputed by the respondents and are accepted as true.

It is obvious that the adoption here of the respondent's contentions that upon the filing of the affidavits the prosecutor was required, without any exercise of discretion or judgment or knowledge of the law or of the facts, to file informations based thereon could result in chaos in the administration of criminal law and would render the quasi-judicial character of the office of prosecutor purely an administrative function based upon the anger, whim, possible ulterior motives or caprice of the persons filing such affidavits. The very nature of such office calls for the exercise of qualified discretion and judgment. No charge is made that the prosecutor-appellant acted in any manner agnostic to or in derogation of his duties within the framework of orderly administration of criminal justice.

This Court refuses to ascribe to the Legislature under the statutes here involved the intent to thus strip a prosecutor of his basic rudimentary function.

On October 3, 1978, the respondent Gene Schultz filed a motion in this Court seeking an order directing the prosecutor-appellant to file the informations based upon the Schultz affidavits above described and that no further process be issued thereon pending a final decision of his case on appeal. This motion was not ruled but was taken with the case upon submission. In view of the decision herein, this motion is now moot and is overruled.

■ For the reasons herein stated and the authorities cited, the preliminary and peremptory writs of mandamus issued by the court below were improvidently issued and should be quashed.

The judgments below are therefore reversed and the causes remanded with directions to the Circuit Court of Boone County, Missouri to forthwith enter its orders quashing such writs.

All concur.