**STATE of Missouri, Plaintiff-Appellant,**

v.

**Garland BURSON,
Defendant-Respondent.**

No. 49161.

Missouri Court of Appeals,
Eastern District,
Division One.

Aug. 6, 1985.

Motion for Rehearing and/or Transfer
Denied Oct. 3, 1985.

George A. Peach, Circuit Atty., Michael G. Ravetta, St. Louis, for plaintiff-appellant.

C. John Pleban, St. Louis, for defendant-respondent.

PUDLOWSKI, Presiding Judge.

The State of Missouri appeals from an order dismissing an indictment with prejudice.

### FACTS

On December 17, 1982, the St. Louis County Prosecutor's Office charged respondent Garland Burson with seven felony counts. Six counts were for receiving stolen property and one involved a violation of the Missouri Controlled Substance Law.

On May 26, 1983, in the St. Louis County Circuit Court, the Honorable Richard Provaznik heard respondent's motion to suppress evidence. That court suppressed a 1978 Ford pickup truck.

Before the Honorable Margaret M. Nolan, on October 4, 1983, also in St. Louis County Circuit Court, respondent entered pleas of guilty to two counts of receiving stolen property. In exchange for respondent's pleas, the county prosecutor's office agreed to dismiss the remaining counts. The state also agreed, on the record, not to bring any further charges against respondent with regard to any of the items seized or arising out of the incidents in which he was charged.

Prior to respondent entering his guilty plea in St. Louis County, the Circuit Attorney for the City of St. Louis took an active interest in the case. Concerned that the county prosecutor's office was not as "tough" in criminal cases as the city was, the Circuit Attorney made up to six phone calls to the St. Louis County Prosecutor's Office concerning the Burson matter. The purpose of these calls was to communicate the Circuit Attorney's position that if a plea bargain was going to be struck with respondent it should be designed to include a state recommendation of jail time and a conviction. The Circuit Attorney's Office further indicated the desire for this stance to be known to the sentencing judge as well as respondent's counsel. There is some dispute as to whether the Circuit Attorney informed defense counsel that he would file the pending charge should a conviction in St. Louis County not occur. However, this condition was never made part of the plea bargain.

In accordance with the Circuit Attorney's suggestions the state did recommend that the defendant be sentenced to six months in the county jail and placed on probation for a period of five years for each count charged. Both six-month sentences were to run concurrently. The respondent agreed to the plea bargain. After a thorough hearing of all of the facts and a proper plea by the defendant, Judge Nolan suspended imposition of sentence and placed respondent on probation for five years.

Because the Circuit Attorney did not believe that he was bound by the plea bargain agreement, he sought and obtained, on April 24, 1984, the indictment at issue via a St. Louis City Grand Jury.[1] The indictment charged respondent with Tampering First Degree and Alteration or Removal of Item Numbers, both felonies. In that indictment, the state charged that respondent unlawfully operated and altered the serial number of a 1978 Ford pickup truck. The truck noted in the indictment was the same truck previously suppressed as evidence by Judge Provaznik in St. Louis County.

Respondent, on May 1, 1984, filed a motion to dismiss and to quash the indictment. On May 24, 1984 the motion was heard, argued and submitted before Judge Thomas W. Challis. At the hearing on the motion, respondent argued that the Circuit Attorney was prohibited from proceeding against him because of the plea bargain consummated between the state and him in St. Louis County. Respondent further argued that since the truck in question was suppressed in St. Louis County, it was not properly before the court or sufficient to obtain an indictment. Respondent also argued that the City's prosecution of the case was barred by undue delay (two years from the original indictment). On September 11, 1984, Judge Challis sustained respondent's motion to dismiss and quash indictment and entered an order dismissing the indictment, with prejudice. The State of Missouri appealed from this order.

## ISSUE

The appellant, State of Missouri, broadly contends the court erred by sustaining respondent's motion to dismiss and quash indictment because the Circuit Attorney for the City of St. Louis cannot be bound by any plea bargain between respondent and the St. Louis County Prosecuting Attorney. For the reasons stated hereafter, we believe the issue is: Does a prosecutor of one county (A) bind the prosecutor of another

1. The Circuit Attorney, during the negotiating of the plea bargain in St. Louis County, nolle prossed three charges arising out of respondent's activities.

county (B) in a plea bargain when the prosecutor in county (B) actively participates in the conditions of the bargain and the defendant agrees to the bargain?

## AUTHORITIES

*Santobello v. New York,* 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971) concerned a plea bargaining agreement entered into between an Assistant District Attorney and a defendant. In exchange for defendant's agreement to plead guilty to a lesser offense, the prosecutor promised not to make a sentence recommendation to the court.

The court accepted the defendant's guilty plea. When the defendant appeared for sentencing, after months of delay, a new prosecutor from the same office recommended the maximum sentence. The trial court imposed the maximum sentence, being uninfluenced that the District Attorney had made a promise. The Supreme Court vacated the judgment in holding that the latter prosecutor could be bound by the promise made to the defendant by the prior prosecutor.

In *Sims v. Wyrick,* 552 F.Supp. 748 (W.D.Mo.1982), evidence established that a plea bargain had been entered into. The state in *Sims* as in *Santobello,* attempted to avoid the binding effect of an earlier agreement. The state argued that a later prosecutor assigned to the case for trial lacked knowledge of the plea bargain agreement made by another assistant in the prosecutor's office. The *Sims* court followed *Santobello* in rejecting this argument. [552 F.Supp. at 761 (1982)].

*Sims* cited another Missouri case, *State v. Allen,* 530 S.W.2d 415 (Mo.App.1975) in support of the principle that where plea bargains are involved, a prosecutor is bound by and responsible for promises previously made by a different prosecutor [552 F.Supp. at 761 (1982)]. *Allen* involved the case where a prosecutor in a murder trial promised to dismiss charges against a witness for her testimony. At the trial, however, the witness denied being promised such a dismissal of charges for testifying. Although the agreement was made earlier

by another prosecutor, without the knowledge of the latter prosecutor at trial, the latter was responsible for failing to correct the witness' testimony which amounted to suppression of material evidence on credibility. [552 F.Supp. at 761].

*Sims* also recognized the *Allen* court's further holding that:

The office of prosecutor is integral and binds the sovereign in criminal proceedings no matter through which agent it speaks. A promise to the defense made by one prosecutor is imputable to the state and controls other prosecutors. [552 F.Supp. at 761, citing 530 S.W.2d at 419].

The *Santobello* Court, in vacating the trial court holding that a prosecutor is not bound by a plea bargain entered into between the defendant and a previous prosecutor, incisively stated:

The plea must, of course, be voluntary and knowing and if it was induced by promises, the essence of those promises must in some way be made known. There is, of course, no absolute right to have a guilty plea accepted. [citations] . . .

This phase of the process of criminal justice, and the adjudicative element inherent in accepting a plea of guilty, must be attended by safeguards to insure the defendant what is reasonably due in the circumstances. Those circumstances will vary, but a constant factor is that when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled.

On this record, petitioner 'bargained' and negotiated for a particular plea in order to secure dismissal of more serious charges, but also on condition that no sentence recommendation would be made by the prosecutor. It is now conceded that the promise to abstain from a recommendation was made, and at this stage the prosecution is not in a good position to argue that its inadvertent breach of agreement is immaterial. The

staff lawyers in a prosecutor's office have the burden of 'letting the left hand know what the right hand is doing' or has done. That the breach of agreement was inadvertent does not lessen its impact. [404 U.S. at 261–62, 92 S.Ct. at 498].

We recognize that *Santobello* and the Missouri cases clearly hold the principle that, within the same office, one prosecutor is bound by another's promise. The issue as stated earlier is whether a prosecutor's plea bargain promise made in one county binds prosecutors in other counties, however, is one of first impression in Missouri. In resolving this important issue we look to our sister state, Illinois.

In *People v. Wantland,* 78 Ill.App.3d 741, 34 Ill.Dec. 92, 397 N.E.2d 548 (1979), as in the case before us, the prosecutor in one county of the state contended that it was not bound by a prior plea bargained agreement entered into between the defendant and the prosecutor of another county. In rejecting this contention, the court relying on the same *Santobello* rationale stated above held:

The plea agreement here is one between defendant and the State where the Vermilion County State's Attorney functioned as an agent of the State, rather than a agreement between defendant and the State's Attorney as an individual. The State, as principal, is bound by the terms of this judicially approved and partially executed agreement even though one of the terms involved an agent other than the one who executed the agreement. [34 Ill.Dec. 95–96, 397 N.E.2d at 551–52].[2]

The essence of the plea bargained agreement, in the case before us, was explicitly made known when Robert O'Blennis, Assistant Prosecuting Attorney, stated to Judge Nolan:

MR. O'BLENNIS: Your Honor, if I may interject the statement here, part of the agreement of the plea agreement that has been mentioned, is that after this plea and sentence is completed, the State agrees not to bring any further charges against this defendant, *with regard to any of the items that were seized* or information that was received as a result of the execution of these two search warrants. (emphasis added).

Respondent, in reliance upon this agreement, entered his plea fulfilling his part of the bargain. Respondent's guilty plea rested on the promise of the county prosecutor to drop a number of pending charges as well as the promise that the state would not bring any further charges concerning items seized, which included the 1978 pickup truck.

Thus, we hold under the facts of this case that where the state, through any prosecutor, enters into a plea bargain agreement with a defendant, and the defendant's plea rests in any significant degree on the promise or agreement of the prosecutor, the agreement binds every other prosecutor in the state to the extent necessary to fulfill the promise made by the state. [404 U.S. at 261–62, 92 S.Ct. at 498, 552 F. Supp. 748 (W.D.Mo.); 530 S.W.2d 415 (Mo.App); 397 N.E.2d 548 (Ill. App.1979)].

The state contends in its brief that the Circuit Attorney did not participate nor give assent to be bound by the plea bargain which resulted in the respondent's plea of guilty. Yet the Circuit Attorney testified that he contacted the County Prosecutor's Office for the purpose of affecting the plea bargain. The Circuit Attorney knew a movement existed to hopefully obtain a suspended imposition of sentence. Concerned that the County Prosecutor's Office was not as "tough" as the city, he wanted to make sure that jail time and a conviction was recommended. Such a recommendation was subsequently made an integral part of the agreement by the capable and amenable county prosecutor.

The state opines that *State v. Kimberlin,* 364 Mo. 215, 260 S.W.2d 552 (1953) and

---

**2.** *See also United States v. Carter,* 454 F.2d 426 (4th Cir.1972)—government in one district is bound by the terms of a plea bargain made in another district.

*State v. Williams,* 120 S.W. 740 (Mo. 1909) stand for the proposition that the state may not institute a criminal proceeding except in matters arising within the county to which the prosecutor is elected. These cases are wholly inapplicable as to the issue before this court.

The cases cited do not concern the incidental effect of a plea bargained promise made by a prosecutor in one county on the prosecutor of another county. Rather the cases concern whether the Attorney General or the county prosecutor is the proper party to institute a particular court action. The *Kimberlin* court itself stated: "The real question [before us] is whether or not the things pleaded are matters localized to Cole County or whether the state's interest in the proceeding is one of broad expanse, and covering a matter having a state situs rather than a county situs. If the latter, the state must proceed through the Attorney General; if the former, it may proceed through the local prosecuting officer." [260 S.W.2d at 554 (Mo. banc 1953)].

The state also cites the rule set forth in *State ex rel Schultz v. Harper,* 573 S.W.2d 427 (Mo.App.1978), that it is within the sole discretion of the prosecutor concerning against whom, when and how criminal laws are to be enforced. A prosecutor under this rule has this discretion so long as he does not act in bad faith. *Harper* was an action to compel a prosecutor to file charges against an individual. The court held that a prosecutor had discretion whether or not to prosecute when a private citizen files an affidavit of complaint with the prosecutor's office charging another with a criminal offense. The prosecutorial discretion embodied in *Harper* is not applicable to the issue in this case. Indeed, where a breach of a previously plea bargained promise would result, as here, we hold that a prosecutor has no discretion and must honor the previous promise.

The Circuit Attorney finally argues that he advised the respondent's attorney "of the possibility of a subsequent prosecution in the city" if the respondent did not receive a conviction. This condition is disputed by respondent and further there is no evidence that this condition was discussed with the county prosecutor in any of their telephone conversations.

We hold that the Circuit Attorney is bound by the plea bargain between respondent and the St. Louis County Prosecuting Attorney. We need not reach the issues presented concerning delay or the sufficiency of the evidence. The court was correct in sustaining respondent's Motion to Dismiss and Quash Indictment. The order dismissing the indictment with prejudice is *affirmed.*

CARL R. GAERTNER and KAROHL, JJ., concur.