**Billy RIPPEE, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 16466.**

Missouri Court of Appeals,
Southern District,
Division One.

April 30, 1990.

Mary K. Anderson, Columbia, for appellant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

CROW, Presiding Judge.

Billy Rippee ("movant") appeals from the denial, without an evidentiary hearing, of his motion under Rule 24.035 [1] to vacate his conviction of burglary in the second degree, § 569.170, RSMo 1986, for which he was sentenced to five years' imprisonment.[2] The burglary occurred in Bollinger County. The conviction resulted from a plea of guilty.

Movant's brief presents two points. The first avers the circuit court, henceforth referred to as "the motion court," erred in denying relief without an evidentiary hearing in that movant's 24.035 motion alleged he was induced to plead guilty by a promise by the Prosecuting Attorney of Bollinger County that no other charges would be filed "with regard to the burglary incident." Movant asserts this promise was violated when the Prosecuting Attorney of Wright County filed a charge of possession of burglar's tools against movant. Movant maintains these allegations are not refuted by the record, hence an evidentiary hearing was required.

Movant was initially charged in Bollinger County with the class D felony of property damage in the first degree, §.569.100, RSMo 1986, along with the burglary. The

---

1. Rule references are to Missouri Rules of Criminal Procedure (19th ed.1988).

2. At time of sentencing movant was on parole from two sentences imposed in Butler County for receiving stolen property. The sentence under attack in the instant proceeding was ordered to run concurrently with the Butler County sentences.

property damage charge was dismissed pursuant to a plea agreement in which movant agreed to the five-year sentence for the burglary.

The plea was entered April 4, 1988. Movant appeared before the circuit judge ("the plea court") with movant's lawyer and one Green who had originally been charged with the same two felonies as movant.

As part of the guilty plea procedure movant signed a petition to enter the plea. Pertinent to the instant appeal, the petition stated that no officer or agent of any branch of government had promised or suggested that movant would receive a lighter sentence, probation, or any other form of leniency if he pled guilty except: "My lawyer has conducted plea negoitiations [sic] for me and I understand that an agreement has been reached that upon my Plea of guilty I am to be sentenced to term of 5 years to run concurrently with sentences for which I am now on parole. I am to plead guilty to burglary and property damage charge is to be dismissed."

Movant was placed under oath by the plea court and questioned. The dialogue included this:

"THE COURT: Now, other than the promise to make a recommendation to me that your sentence is five years, that the sentence be ordered executed, and that they run concurrent with whatever probation or parole time you are on now, were there any other promises made to you, Mr. Rippee, in order to get you to plead guilty?

THE DEFENDANT: No, sir.

THE COURT: Well, they are going to drop [the property damage count]. I just remembered that.

THE DEFENDANT: Yes.

. . . .

THE COURT: That was against you.

THE DEFENDANT: Yes, sir. That was part of it.

THE COURT: That was part of it. Can you think of anything else?"

Movant's lawyer responded that there was an agreement that movant and Green would be allowed 15 or 20 minutes "contact time with their spouses" before going to the penitentiary. Then, this:

"THE COURT: ... How about you, Mr. Green? Can you think of any other agreements or promises that were made to you other than what we have discussed here in Court?

THE DEFENDANT: That there would be no other charges filed onto us.

THE COURT: That's—

MR. LITTLE [3]: Arising out of this.

THE DEFENDANT: Arising out of this, out of this event.

THE COURT: Okay. That is a good one."

Movant's 24.035 motion averred, insofar as pertinent here:

"The defendant agreed to enter a plea of guilty to the charge for a sentence of 5 years and a promise by the State prosecutor that no more charges would be filed by the State of Missouri relating to or from the Burglary charge defendant entered a plea of guilty to, this was violated when Wright County filed a charge of Possession of Buglary [sic] Tools on the defendant and threatened defendant with more time if he did not enter a plea of guilty to this charge."

In denying relief the motion court found that the record conclusively demonstrated movant was made no promise by the Prosecuting Attorney of Bollinger County that no charges would be filed by the prosecuting attorney of any county other than Bollinger.

Our review is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous. Rule 24.035(j); *Day v. State*, 770 S.W.2d 692, 695 (Mo.banc 1989), *cert. denied*, —— U.S. ——, 110 S.Ct. 186, 107 L.Ed.2d 141 (1989); *White v. State*, 781 S.W.2d 167, 168 (Mo.App.1989).

To be entitled to an evidentiary hearing on a motion to vacate a conviction a prisoner must plead facts, not conclusions, which

---

**3.** Lawyer Ronald L. Little, who represented both movant and Green.

if true would warrant relief; those facts must not be refuted by the record; and the matters complained about must have resulted in prejudice to the prisoner. *Troupe v. State,* 766 S.W.2d 722, 723[1] (Mo.App. 1989); *Sand v. State,* 762 S.W.2d 97, 98[1] (Mo.App.1988).

Movant's 24.035 motion did not plead there was any agreement that no other charges would be filed against him by any other prosecutor. The motion pled only that the Prosecuting Attorney of Bollinger County promised no more charges would be filed "relating to or from" the Bollinger County burglary (a break-in at a school near Marble Hill on or about February 14, 1988). That allegation was evidently based on Green's statement to the plea court that he had been promised no other charges would be filed on "us" arising "out of this event." Movant, it will be recalled, mentioned no such promise in either his petition to plead guilty or his verbal statements in the plea court.

■ Assuming, however, that movant's plea agreement included such a proviso, it is clear that movant's 24.035 motion alleges no facts which, if true, would demonstrate that the Wright County charge of possession of burglar's tools arose out of or is related in any way to the Bollinger County burglary, and it is difficult to envision how it could be. Movant's 24.035 motion contains only a conclusional allegation that the Wright County charge violated the promise by the Prosecuting Attorney of Bollinger County that no more charges would be filed "relating to or from" the Bollinger County burglary. We judicially know that one must cross at least four other counties to go from Bollinger County to Wright County. *Reineman v. Larkin,* 222 Mo. 156, 121 S.W. 307, 311 (1909); *Hammack v. Missouri Clean Water Commission,* 659 S.W.2d 595, 599[4] (Mo.App.1983); *Turpin v. Watts,* 607 S.W.2d 895, 900 (Mo.App. 1980). No facts are pled in movant's 24.-035 motion indicating any connection whatever between the Bollinger County burglary and movant's alleged possession of burglar's tools in Wright County.

We hold that the allegations in movant's 24.035 motion regarding the purported breach of the plea agreement failed to plead facts which, if true, would warrant relief. Accordingly, the motion court did not err in denying relief without an evidentiary hearing. Movant's first point is denied.

Before leaving it, however, we observe that even if movant's 24.035 motion had pled facts which, if true, would have demonstrated a violation of the plea agreement, there would have been a question as to whether movant, upon proof of such facts, would have been entitled to have the subject conviction set aside.

In *State v. Burson,* 698 S.W.2d 557 (Mo. App.1985), the Prosecuting Attorney of St. Louis County made a plea agreement with the accused, one provision of which was that no further charges would be filed regarding any item seized from the accused or arising out of the incidents in which he was charged. The accused pled guilty per the agreement. Thereafter the Circuit Attorney for the City of St. Louis obtained an indictment charging the accused with crimes regarding a truck seized from him in connection with the St. Louis County offenses. The accused moved to quash the indictment. The trial court did so. On appeal by the State the Eastern District of this Court affirmed, holding that the Circuit Attorney for the City of St. Louis was bound by the plea agreement between the accused and the Prosecuting Attorney of St. Louis County. The significance of *Burson* in the instant case is that the accused in *Burson* did not seek to withdraw his plea of guilty in the St. Louis County case. The relief he sought—and obtained—was dismissal of the later indictment in the City of St. Louis.

*Burson* thus indicates that if, in the instant case, the filing of the burglar's tools charge in Wright County was a violation of the Bollinger County plea agreement, movant's remedy would be dismissal of the Wright County charge, not withdrawal of his plea of guilty to the Bollinger County burglary. It is, however, unnecessary to decide that issue.

■ Movant's second point alleges his plea of guilty was not entered knowingly and voluntarily in that he was led to believe, by misstatements by the prosecutor and the plea court, that he would receive credit against the instant sentence for the time he had already served on two previous ones.[4] Movant avers that in fact the instant sentence was run concurrently with only the final remaining year of the earlier sentences.

Movant concedes this claim was not raised in the motion court. That being so, it may not be considered on appeal, *Grubbs v. State*, 760 S.W.2d 115, 120[10] (Mo.banc 1988), *cert. denied,* — U.S. —, 109 S.Ct. 2111, 104 L.Ed.2d 672 (1989); *Mallett v. State*, 716 S.W.2d 902, 905 (Mo.App.1986), even for plain error, *State v. Kittrell*, 779 S.W.2d 652, 657 (Mo.App.1989). Movant's second point presents nothing for review.

The order of the motion court denying relief is affirmed.

PREWITT and PARRISH, JJ., concur.