**STATE of Missouri,
Plaintiff–Respondent,**

v.

**Gaylen L. JONES, Defendant–Appellant.**

**No. 16422.**

Missouri Court of Appeals,
Southern District,
Division Two.

May 15, 1990.

Motion for Rehearing or to Transfer to Supreme Court Denied June 1, 1990.

William L. Webster, Atty. Gen., Andrea K. Spillars, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Ty Gaither, Joplin, for defendant-appellant.

MAUS, Judge. °

An information charged defendant, Gaylen L. Jones, violated § 195.020 RSMo 1986, on September 22, 1986, by knowingly selling marijuana to Trooper Terry Mills. The information further alleged that on December 22, 1986, the defendant had been convicted of manufacturing marijuana and was sentenced and subsequently imprisoned therefor. The defendant filed a motion to dismiss the information because prosecution of the offense charged was barred by a plea agreement that resulted in the conviction of December 22, 1986. Following an evidentiary hearing, the trial court denied the motion. The defendant then agreed to a trial by the court upon the record of a previous trial that resulted in a verdict of guilty which was set aside. The trial court found the defendant guilty and sentenced him to imprisonment for ten years. The defendant's sole point on appeal is that the trial court erred in not sustaining his motion to dismiss.

The plea agreement upon which that motion was based has the following back-

ground. A neighbor of the defendant found marijuana growing on the neighbor's land. At the neighbor's request, a deputy sheriff came to investigate. While the deputy sheriff was on the neighbor's land, shots were fired from the defendant's property. When the defendant attempted to leave on a motorcycle, he was stopped. Someone in the defendant's house said the defendant had come in with a gun. A search of the defendant's premises revealed growing and harvested marijuana and apparently pentobarbital.

The defendant was then charged with three counts of assault in the first degree (Counts I, II and III), manufacturing marijuana (Count IV), felony possession of marijuana (Count V), armed criminal action (Count VI) and possession of pentobarbital (Count VII). Prosecuting Attorney Tony E. Swetnam and the defendant, with his counsel, Public Defender Ronald F. Fisk, reached a plea agreement. That agreement was presented to the court and approved on December 22, 1986. The transcript of the plea proceedings consists of 27 pages. Pursuant to the plea agreement, the state dismissed Counts I, III and VII and the defendant entered pleas of guilty to Counts II, IV, V and VI. Also in accordance with that agreement, the defendant was sentenced upon each of the four counts to imprisonment for three years and the sentences were ordered to run concurrently. Execution was stayed until January 5, 1987.

On December 23, 1986, Fisk told the defendant that he could not be paroled upon the sentence for armed criminal action. The defendant then filed a motion to withdraw his pleas of guilty. The newly elected prosecuting attorney, Samuel Short, thought the plea agreement approved December 22, 1986, was too lenient and would have confessed the motion. However, the defendant, with Public Defender Fisk and Prosecuting Attorney Short, appeared before the court on January 19, 1987. The defendant announced that he wished to withdraw his motion to set aside the pleas

of guilty. Before permitting him to do so, the court interrogated the defendant and his counsel to establish the defendant was informed and voluntarily withdrew that motion. The transcript of this proceeding consists of seven pages.

The charge of selling marijuana which has resulted in this appeal has the following background. In 1986, the Sheriff of Cedar County asked the Missouri State Highway Patrol for assistance in combating activity in illegal drugs. The sheriff supplied the name of a confidential informant. The patrol officers assigned to this investigation had no further contact with the sheriff. In accordance with the policy of the patrol, they neither told the sheriff when they began and terminated their activities, nor kept him informed of those activities. On September 22, 1986, Trooper Mills bought one half pound of marijuana from the defendant for $200. He filed a report of this purchase with the narcotics office in Jefferson City. The report was not supplied to the prosecuting attorney until the spring of 1987. A complaint was filed June 22, 1987. An information was filed on October 18, 1988.

The defendant's motion to dismiss this information is based upon the allegation "the plea was to dispose of all charges and cases against the defendant and no other charges or cases were pending, the defendant was thereby going to get his criminal history behind him." He argues the term "cases" includes those filed and all criminal charges which could have been filed on the date of the plea agreement within the actual knowledge or constructive knowledge of the prosecuting attorney. He cites cases such as *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971), and *State v. Burson*, 698 S.W.2d 557 (Mo. App.1985). To support that construction of the plea agreement, he cites the following bits from the transcript of the plea proceeding.

"THE COURT: And it's my understanding upon him reporting, bond being released, you will also file dismissals.

As part of this plea bargain, you will file dismissals on the other three charges.

MR. FISK: Correct, Your Honor.

THE COURT: And doesn't that dispose of all cases that you have against Mr. Jones?

MR. SWETNAM: Yes.

THE COURT: You're not aware of any other holds or any other cases then? All right. Good-by, Mr. Jones. Good Luck."

After that citation, to bolster his construction of the plea agreement, he makes the following statement in his brief. "Earlier in the December 22, 1986 hearing at page 15, lines 5 and 6, defendant's attorney, following Court inquiry regarding possibility of a Motion to Suppress, indicated that defendant was also entering the plea 'in order that he can get this behind him.' (L.F. p. 36, 1. 5 and 6)."

He follows this with the following statement. "At the further plea hearing on January 19, 1987, the following was entered into the record (L.F. p. 52, 1. 5 through 11)

Q (COURT): That you plead on the four, that the recommendation was three years on all four to run concurrently, and I think one count was reduced, I don't know, but I could go back through the record and see, but basically you had four counts, that was going to dispose of all cases, as I understand it, against you?

A (DEFENDANT): Yes."

No appellate decision of this state has been cited or found which enunciates a standard for the construction of a plea agreement proceeding. It is appropriate to observe that in other courts the following standards have been stated and followed.

"Plea bargaining, in other words, though a matter of criminal jurisprudence, is subject to contract-law standards. Therefore, the terms of the agreement, if disputed, are to be determined by objective standards." *United States v. Arnett,* 628 F.2d 1162, 1164 (9th Cir.1979). "Given the relative interests implicated by a plea bargain, we find that the costs of an unclear agreement must fall upon the government. While we affirm the general applicability of contract law principles, we hold that the government must shoulder a greater degree of responsibility for lack of clarity in a plea agreement." *United States v. Giorgi,* 840 F.2d 1022, 1026 (1st Cir.1988).

Also see *United States v. Arnett,* supra; *State v. Wills,* 244 Kan. 62, 765 P.2d 1114 (1988); *United States v. Harvey,* 791 F.2d 294 (4th Cir.1986).

It is not necessary to adopt a comprehensive standard for the construction of a plea agreement for the disposition of this appeal. All authorities are agreed that the construction of such an agreement is to be had by the court from the record as a whole and if the agreement is unambiguous there is no need to resort to so-called auxiliary rules of construction or extraneous circumstances. *United States v. Giorgi,* supra; *United States v. Harvey,* supra.

When the transcript of the plea proceeding of December 22, 1986, is considered as a whole, it unambiguously establishes the only plea agreement made was that the state would dismiss three pending counts and the defendant would plead guilty to four pending counts and be sentenced to concurrent terms of imprisonment for three years. *State v. Burson,* supra, cited by the defendant, does not aid him, as in that case the plea agreement included the following terms:

" '[T]he state agrees not to bring any further charges against this defendant, *with regard to any of the items that were seized* or information that was received as a result of the execution of these two search warrants.' " *State v. Burson,* 698 S.W.2d at 560. (Emphasis in original.)

Compare *State v. Smith,* 244 Kan. 283, 767 P.2d 1302, 1303 (1989), in which the state expressly agreed not " 'to file any other charges against the defendant based upon information presently known *or which should be known* by the Geary County Attorney's office.' " (Emphasis in origi-

nal.) Also compare *Ex parte Cassady*, 486 So.2d 453, 455 (Ala.1986), in which the state agreed to the following: "Judge, also, there's an understanding with the D.A.'s Office that any other cases that are coming up through the pipe now would be disposed of."

The announced purpose of the hearing of December 22, 1986, was to dispose of the seven pending cases. The agreement is summarized in the following dialogue.

"THE COURT: All right. And it's my understanding that as part of this plea bargain, if the Court accepts this, that you're dismissing Counts I, III and VII.

MR. SWETNAM: Correct.

THE COURT: Would that be correct?

MR. SWETNAM: Yes.

BY THE COURT:

Q. And is that what you understand, Mr. Jones?

A. Yes.

Q. You're pleading to four charges and three are being dismissed?

A. Yes.

\* \* \* \* \* \*

Q. Okay. When you say promised anything, you say a plea bargain. You're expecting the State to recommend something, is that—

A. Yes.

Q. Have you been promised anything else?

A. No."

The first bit of dialogue cited by the defendant does not aid him. The statement of the court, "You're not aware of any other holds or any other cases then? All right. Good-by, Mr. Jones. Good Luck", obviously refers to a "hold order" stemming from a pending case. The defendant emphasizes the weakness of his position by quoting that bit of his counsel's statement " 'in order that he can get this behind him.' " Counsel was referring to the incident that gave rise to the seven pending charges. His position is further undermined by his erroneous characterization of the hearing of January 19, 1987, as a "further plea hearing". That hearing was only to establish the defendant was knowingly and voluntarily dismissing his motion to withdraw his guilty pleas.

In neither hearing was there a reference to any conduct of the defendant other than that reflected in the seven pending cases. " 'The facts presented do not give grounds ... to broaden the parameters of the plea as one including a somewhat type of immunity [sic] for almost any imaginable federal offense ....' " *United States v. Giorgi*, 840 F.2d at 1027. There was no promise or misrepresentation governing the right of the state to file additional charges. "The issue was not misrepresented because it was not represented at all." *United States v. Jordan*, 870 F.2d 1310, 1316 (7th Cir. 1989), cert. denied, — U.S. —, 110 S.Ct. 101, 107 L.Ed.2d 65. By its unambiguous terms the plea agreement did not bar the state from filing the instant charge of selling marijuana. The judgment of the trial court is affirmed.

HOGAN, C.J., and FLANIGAN, P.J., concur.