Neley J. MILNER, Movant–Appellant,

v.

STATE of Missouri, Respondent.

No. 21977.

Missouri Court of Appeals,
Southern District,
Division One.

Sept. 1, 1998.

Kent Denzel, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for Respondent.

PARRISH, Judge.

This is an appeal of the denial of Neley J. Milner's (movant) Rule 24.035 motion. This court affirms.

The underlying criminal case charged movant with involuntary manslaughter, § 565.024,[1] (Count I) and three counts of assault in the second degree, § 565.060, (Counts II, III and IV). Each offense was a class C felony. Movant pleaded guilty to all four offenses November 20, 1995.

The amended information that stated the charges to which movant pleaded guilty alleged he was a persistent offender. There was no negotiated plea agreement. On January 22, 1996, after a presentence investigation, movant was sentenced as a persistent offender to consecutive terms of imprisonment of 20 years on Count I, 12 years on Count II, 4 years on Count III and 12 years on Count IV.

Movant filed a Rule 24.035 motion challenging the sentencing court's determination that he was a persistent offender and claiming he had received ineffective assistance of counsel in the criminal case. The motion was granted with respect to movant's claim that there was no proof he was a persistent offender. His claim of ineffective assistance of counsel was denied.

The motion court set aside the January 1996 sentence and ordered movant "returned for the purpose of reopening the sentencing process." Movant appealed the denial of his

claim that he received ineffective assistance of counsel. The denial of the claim was affirmed. *See Milner v. State,* 968 S.W.2d 229 (Mo.App.1998). The state did not appeal the finding that there was no proof movant was a persistent offender.

Movant again appeared before the sentencing court May 5, 1997. The state was permitted, over movant's objection, to offer evidence of his prior convictions. The sentencing court found:

(1) The amended information pleads all essential facts warranting a finding that defendant is a prior and persistent offender.

. . .

(3) The Court further finds that evidence has been introduced that establishes sufficient facts pleaded to warrant finding beyond a reasonable doubt that the defendant is also a persistent offender, punishable by sentence to an extended term of imprisonment under Sections 558.016.3 and 557.036.4 Revised Statutes of Missouri and the Court does find beyond a reasonable doubt that the defendant is a persistent offender under those two sections in that he has pleaded guilty to or has been found guilty of two or more felonies committed at different times. The felonies are as follows; On or about 10th of June, 1988, the defendant pleaded guilty to the felony of conspiracy to manufacture and distribute a methamphetamine in the United States District Court for the Western District of Oklahoma, case number CR88–3706R. On or about the 19th day of January, 1983, the defendant pleaded guilty to the felony of operating a motor vehicle while under the influence of intoxicating liquor after former conviction of operating a motor vehicle while under the influence of intoxicating liquor in the District Court of the Seventh Judicial District of the State of Oklahoma, case number CRF82–3473.

. . .

The sentencing court assessed the same punishment and imposed the same sentence

---

1. References to statutes are to RSMo 1994.

that had been imposed at the January 1996 sentencing: consecutive terms of imprisonment of 20 years on Count I, 12 years on Count II, 4 years on Count III and 12 years on Count IV. Movant filed a Rule 24.035 motion (and an amended motion following appointment of counsel) directed to that sentence. The motion was denied.

The motion court's findings and conclusions include:

> Movant's amended motion asserts he was denied due process in that after a judgment had been entered and the evidence closed the Court improperly permitted the State to reopen the case and adduce additional evidence concerning movant's prior convictions at a resentencing hearing. Movant's position is that the Court failed to apply the proper remedy which he says was to correct the original sentence by removing all references to movant being a "prior and persistent offender".

> . . .

> In the present case there was no amendment or attempt to amend the information. The State originally pled the prior convictions for which the defendant was sentenced as a prior and persistent offender. . . .

Rule 24.035(k) prescribes the scope of appellate review in Rule 24.035 cases. Review is "limited to a determination of whether the findings and conclusions of the [motion] court are clearly erroneous."

Movant's Point I contends the motion court erred in denying his Rule 24.035 motion because the sentence imposed was greater than permitted by law. Movant argues that the sentencing court erred in allowing the state to present evidence of prior convictions; that he should not have been sentenced as a persistent offender.[2] He contends that since the state had been afforded

the opportunity to prove he was a persistent offender at the January 1996 sentencing but had not, to allow the state to prove he was a persistent offender at the May 1997 sentencing subjected him to double jeopardy.

■ *State v. Cobb*, 875 S.W.2d 533 (Mo. banc), *cert. denied*, 513 U.S. 896, 115 S.Ct. 250, 130 L.Ed.2d 172 (1994), addressed the issue of inapplicability of double jeopardy to sentencing proceedings in noncapital cases:

> The accused in a noncapital case is not being twice put at risk of a wholly different form of punishment by being resentenced. No constitutional mandate of proof beyond reasonable doubt exists with respect to the range of sentencing in such cases. The statutory procedure for assessing punishment, the factors weighing on punishment and the evidentiary burden to establish those factors are largely matters of legislative discretion. The constitutional double jeopardy prohibition does not speak to sentencing except in capital cases.

875 S.W.2d at 536.[3] *Cobb* held, quoting *Price v. Georgia*, 398 U.S. 323, 329, 90 S.Ct. 1757, 26 L.Ed.2d 300 (1970), " '[T]he Double Jeopardy Clause of the Fifth Amendment is written in terms of potential risk of trial and conviction, *not punishment* . . . .' " 875 S.W.2d at 536. It added, again quoting from *Price*, " 'The Double Jeopardy Clause, . . . , is cast in terms of the risk or hazard of trial and conviction, not of the ultimate legal consequences of the verdict.' " 875 S.W.2d at 537, quoting from 398 U.S. at 331, 90 S.Ct. 1757.

*Cobb* affirmed a driving while intoxicated conviction but reversed the sentence. The sentence was based on an erroneous declaration that the defendant was a persistent offender—the state had presented evidence of two alcohol-related prior offenses rather than three as the applicable statute required. The case was remanded for resentencing. The trial court was instructed "to permit the

---

**2.** The maximum imprisonment for a class C felony if the offender is not a persistent or dangerous offender is 7 years. *See* § 558.011.1(3) and .2. The maximum term of imprisonment for a class C felony committed by a persistent offender is 20 years. *See* § 558.016.7(3).

**3.** As explained in *Cobb*, "In relevant part, the Fifth Amendment states: '. . . nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb.' *U.S. Const. amend V.* The Fourteenth Amendment extends the double jeopardy prohibition to the states. *Benton v. Maryland*, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969)." 875 S.W.2d at 534.

state to present whatever evidence it [had] to establish defendant's status as a persistent offender." *Cobb*, 875 S.W.2d at 537.

■ *Cobb* is controlling. As it is a decision of the Supreme Court of Missouri, this court is required to follow it. Mo. Const. art. V, § 2 (1945). The motion court's findings and conclusions about which movant complains in Point I are not clearly erroneous. Point I is denied.

Movant's Point II asserts the motion court committed plain error in denying his Rule 24.035 motion because the sentence that was imposed constitutes cruel and unusual punishment because it is "extreme and grossly disproportionate to the crimes of involuntary manslaughter and second degree assault." This issue is not properly before this court in that it was not presented to, and, therefore, not considered by the motion court.

■ "Claims not properly presented to the motion court cannot be reviewed on appeal, for 'plain error' or otherwise." *State v. Kittrell*, 779 S.W.2d 652, 657 (Mo.App.1989). *See also, Coates v. State*, 939 S.W.2d 912, 915 (Mo. banc 1997); *Rippee v. State*, 788 S.W.2d 756, 759 (Mo.App.1990); Rule 24.035(e). Point II is denied. The trial court's judgment denying movant's Rule 24.035 motion is affirmed.

PREWITT, P.J., and CROW, J., concur.